SEYFARTH SHAW LLP
Nick C. Geannacopulos (SBN 114822)
*ngeannacopulos@seyfarth.com*
Emily Barker (SBN 275166)
*ebarker@seyfarth.com*
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Kyle Petersen (Pro hac vice application forthcoming)
kpetersen@seyfarth.com
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

Attorneys for Defendant
SEDGWICK LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI RIBEIRO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEDGWICK LLP,<br><br>Defendant. | Case No. _____<br><br>**DEFENDANT SEDGWICK LLP'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[28 U.S.C. § 1446]<br><br>Trial Date:   Not Set<br>Date Action Filed:  July 26, 2016<br>Summons/Complaint Served: August 3, 2016 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

**CALIFORNIA AND TO PLAINTIFF TRACI RIBEIRO AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant Sedgwick LLP  hereby files this Notice of Removal

pursuant to 28 U.S.C. sections 1441 and 1446, asserting federal question jurisdiction pursuant to 28

U.S.C. section 1331, to effect the removal of the above-captioned action from the Superior Court of

California, County of San Francisco.

**BACKGROUND**

1.      On July 26, 2016, Plaintiff Traci Ribeiro ("Plaintiff") filed a Complaint against Defendant Sedgwick LLP ("Sedgwick" or "Defendant") in the Superior Court of California, County of San Francisco, entitled: *Traci Ribeiro, et al. v. Sedgwick LLP*, Case No. CGC-16-553231.

2.      Plaintiff's Complaint purports to allege claims for relief against Defendant stemming from Plaintiff's partnership in the Defendant, namely Defendant's alleged failure to compensate her in an amount commensurate to male counterparts (despite her being one of the most highly compensated partners) and alleged failure to elect her to equity partnership.  Plaintiff bases her claims on, among other things, alleged violations by Defendant of: the Federal Equal Pay Act, 29 U.S.C. §§ 206, *et seq*. and § 215(a)(3) (Seventh and Eighth Causes of Action for discrimination and retaliation); and Title VII, 42 U.S.C. § 2000e, *et seq*. (Fourteenth and Fifteenth Causes of Action for discrimination and retaliation). Plaintiff also asserts claims pursuant to the California Fair Pay Act, Cal. Lab. Code § 1197.5, *et seq.* (Third and Fourth Causes of Action for discrimination and retaliation), Illinois Equal Pay Act, 820 ILCS 112/1, *et seq.* (Fifth and Sixth Causes of Action for discrimination and retaliation), California Fair Employment and Housing Act, Cal. Gov. Code § 12940, *et seq.* (Ninth Cause of Action for disparate impact/treatment), California Fair Employment and Housing Act, Cal. Gov. Code § 12940(h) (Tenth Cause of Action for retaliation),  California Fair Employment and Housing Act, Cal. Gov. Code § 12940, *et seq.* (Eleventh Cause of Action for failure to prevent discrimination), Illinois Human Rights Act, 740 ILCS 5/,*et seq.* (Twelfth Cause of Action for disparate treatment/impact), Illinois Human Rights Act, 740 ILCS 5/,*et seq.* (Thirteenth Cause of Action for retaliation), as well as claims for declaratory relief (First Cause of Action) and breach of implied contract (Second Cause of Action).

**TIMELINESS OF REMOVAL**

3.      On August 3, 2016, Plaintiff served Defendant with the Summons and Complaint.

4.      This Notice of Removal is timely filed as it is filed within thirty (30) days of the service upon Defendants of a copy of the Summons and Complaint.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

**BASES FOR REMOVAL**

**FEDERAL QUESTION JURISDICTION**

5.      Plaintiff asserts claims under two separate federal statutes: the Federal Equal Pay Act, 29 U.S.C. §§ 206, *et seq*. and § 215(a)(3); and Title VII, 42 U.S.C. § 2000e, *et seq*.  This action therefore presents a federal question over which this Court has original jurisdiction.  28 U.S.C. § 1331 (conferring original jurisdiction upon federal courts for actions arising under the laws of the United States).

6.      Plaintiff asserts the remainder of her claims under California and Illinois law.  These claims, however, arise from her partnership in Defendant, and are based on the same factual allegations as those underlying her federal claims; namely, Defendant's alleged failure to compensate her in an amount commensurate to male counterparts (despite her being one of the most highly compensated partners) and alleged failure to elect her to equity partnership.  Therefore, the claims are so related that they form part of the same case or controversy.  Accordingly, this Court has supplemental jurisdiction over all of Plaintiff's claims pled under California law, pursuant to 28 U.S.C. Section 1367(a).

**VENUE**

7.      Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(a).  This action originally was brought in the Superior Court of the State of California, County San Francisco and thus should be removed to the Oakland Division of the Northern District of California per Northern District Civil Local Rule 3-2 subsections (c) & (d).

**NOTICE OF REMOVAL**

8.      This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco.

9.      In compliance with 28 U.S.C. section 1446(a), a copy of Plaintiff's Summons and Complaint, Civil Cover Sheet, Answer and all other process, pleadings, and orders served on Defendants in the state court action are attached as **Exhibit A**.

//

//

//

1    10.    WHEREFORE, Defendant prays that this civil action be removed from the Superior

2  Court of the State of California, County of San Francisco to the United States District Court for the

3  Northern District of California, Oakland Division.

4

5  DATED: August  10, 2016                    Respectfully submitted,

6                                             SEYFARTH SHAW LLP

7

8                                             By:  /s/ Nick C. Geannacopulos

9                                                  Nick C. Geannacopulos
                                                   Emily Barker
10                                                 Attorneys for Defendant
                                                   SEDGWICK LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

28275877v.1

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Sharon R. Vinick, Esq., SBN 129914<br>Levy Vinick Burrell Hyams LLP<br>180 Grand Avenue, Suite 1300<br>Oakland, CA 94612<br>TELEPHONE NO.: 510 318-7700   FAX NO.: 510 318-7701<br>ATTORNEY FOR *(Name)*: Plaintiff TRACI RIBEIRO, et al. | ENDORSED<br>F I L E D<br>*San Francisco County Superior Court*<br><br>JUL 2 6 2016<br><br>CLERK OF THE COURT<br>MADONNA CARANTO<br>BY:<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Main

CASE NAME:
Traci Ribeiro, on behalf of herself and all others, etc. v. Sedgwick LLP

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000 | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC 16-553231 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: fifteen
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 26, 2016

Sharon R. Vinick

BY FAX

_____          ►_____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>SEDGWICK LLP<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>TRACI RIBEIRO, on behalf of herself and all others similarly situated | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Francisco Superior Court<br>400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br><br>**CGC-16-553231** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sharon R. Vinick, Esq.; Levy Vinick, et al., 180 Grand Ave., #1300, Oakland, CA 94612; tel: 510-318-7700

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)*  JUL 26 2016 | CLERK OF THE COURT<br>Clerk, by<br>*(Secretario)* | MADONNA CARANTO | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br><br>under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*



SHARON R. VINICK (SBN# 129914)
LEVY VINICK BURRELL HYAMS LLP
180 Grand Avenue, Suite 1300
Oakland, California 94612
Direct: 510-318-7702
Main: 510-318-7700
Fax: 510-318-7701
sharon@levyvinick.com

J. BRYAN WOOD
(*Motion for pro hac vice appearance forthcoming*)
THE WOOD LAW OFFICE, LLC
303 W. Madison St., Suite 2650
Chicago, Illinois 60606
Main: (312) 554-8600
Fax: (312)-577-0749
bryan@jbryanwoodlaw.com

ENDORSED
F I L E D
*San Francisco County Superior Court*

JUL 26 2016

CLERK OF THE COURT
MADONNA CARANTO
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

CGC-16-553231

TRACI RIBEIRO, on behalf of herself and all others similarly situated,

PLAINTIFF,

v.

SEDGWICK LLP,

DEFENDANT.

Case No.

**COMPLAINT FOR DAMAGES**

| | |
|---|---|
| 1. | **DECLARATORY RELIEF REGARDING ALLEGED ARBITRATION AGREEMENT** |
| 2. | **BREACH OF IMPLIED CONTRACT** |
| 3. | **CALIFORNIA FAIR PAY ACT** |
| 4. | **CALIFORNIA FAIR PAY ACT RETALIATION** |
| 5. | **ILLINOIS EQUAL PAY ACT** |
| 6. | **ILLINOIS EQUAL PAY ACT RETALIATION** |
| 7. | **FEDERAL EQUAL PAY ACT** |
| 8. | **FEDERAL EQUAL PAY ACT RETALIATION** |
| 9. | **GENDER DISCRIMINATION UNDER FEHA** |
| 10. | **RETALIATION UNDER FEHA** |
| 11. | **FAILURE TO PREVENT OR CORRECT DISCRIMINATION UNDER FEHA** |
| 12. | **GENDER DISCRIMINATION UNDER ILLINOIS HUMAN RIGHTS ACT** |
| 13. | **RETALIATION UNDER ILLINOIS HUMAN RIGHTS ACT** |
| 14. | **GENDER DISCRIMINATION UNDER TITLE VII** |
| 15. | **RETALIATION UNDER TITLE VII** |

Amount in Controversy Exceeds $25,000

Jury Trial Demanded

//

//

BY FAX

1

COMPLAINT FOR DAMAGES

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiff Traci Ribeiro ("Plaintiff" or "Ribeiro"), on behalf of herself and all others similarly situated, by and through her attorneys, Levy Vinick Burrell Hyams LLP and The Wood Law Office, LLC, hereby files this Complaint against Defendant Sedgwick LLP ("Defendant," "Sedgwick" or "the Firm"), and states as follows:

### I. INTRODUCTION

1.      Plaintiff Traci Ribeiro is a non-equity partner at Sedgwick LLP – an international law firm employing over 300 attorneys. Over the last 3 years, Ribeiro has been one of Sedgwick's highest revenue-generating partners. Ribeiro has consistently opposed gender pay inequities at Sedgwick LLP.

2.      When Ribeiro filed an EEOC charge asking the government to investigate systemic gender discrimination, Sedgwick attempted to silence her by suing her in arbitration.

3.      Ribeiro files this lawsuit to end gender inequity at Sedgwick, and seeks relief on behalf of herself and other female attorneys.

4.      Ribeiro also seeks declaratory judgment that the arbitration agreement is unenforceable because it is procedurally and substantively unconscionable.

5.      The legal profession, with its characteristic vigilance that justice be served and the goal of equality for all, is addressing the eradication of gender bias in the profession with vigor. The American Bar Association's Task Force on Gender Equity published a "Road Map for Achieving Gender Pay Equity in Law Firm Partner Compensation" that identifies issues such as the composition of Compensation Committees, the "comfort of similarity" (i.e., in-group bias), unconscious bias, and the need for transparency in combatting gender bias and creating a culture that supports gender equity.[1]

6.      In addition to publishing best practices to end gender discrimination, the American Bar Association is currently in the process of crafting "a distinct rule within the black letter of the Model Rules of Professional Conduct prohibiting lawyers from engaging in

---

[1] The entire ABA Task Force Report is available here:
http://www.americanbar.org/content/dam/aba/administrative/women/closing_the_gap.authcheckdam.pdf

2

1    harassment and knowing discrimination in conduct related to the practice of law," which

2    includes the operation of a law firm according to the proposed rule's comment (Memorandum,

3    ABA Standing Committee on Ethics and Professional Responsibility, December 22, 2015).

4         7.    Sedgwick's own equity partners are on the record acknowledging female

5    attorneys are being held back by gender stereotypes.[2] But lip service in the media cannot be a

6    substitute for fair and legal treatment of employees.

7         8.    Sedgwick's all-male leadership continues to refuse to apply best practices such as

8    those set out by the ABA. Prior to Ribeiro's complaints, no woman had ever served on

9    Sedgwick's Executive Committee – the committee that makes salary and promotion

10   recommendations for non-equity partners. Sedgwick's all-male leadership maintains a closed

11   compensation system with no formal process for applying for promotion to non-equity partner or

12   equity partner. Based on recommendations from the all-male Executive Committee, the

13   predominantly male equity partners continue to seek the "comfort of similarity" (i.e., favorable

14   treatment provided to those most like the decisionmakers) as described by the ABA Task Force.

15        9.    Sedgwick denies female attorneys equal opportunities for promotion and

16   compensates them less than male attorneys. Sedgwick pays females attorneys substantially less

17   than their male counterparts. Sedgwick's male-dominated culture systematically excludes

18   women from positions of power within the Firm, which in turn leads to lower compensation for

19   female attorneys as compared to male attorneys.

20        10.   Female attorneys cannot crack the glass ceiling of equity partnership at Sedgwick.

21   Female attorneys make up approximately half of all associates, yet constitute less than 20% of

22   equity partners. Between 2011 and 2015, Sedgwick promoted twice as many male full-time

23   associates to non-equity partner as female full-time associates, even though approximately the

24   same number of male and female attorneys worked as full-time associates each year. In 2015,

25   Sedgwick advanced only one man to equity partner and no women. Since 2013, the percentage

26   of female equity partners is declining.

27   _____

28   [2] The article quoting Sedgwick Equity Partner Ray Abadin is available here:
     http://abovethelaw.com/2016/02/female-attorneys-continue-to-be-held-back-by-gender-
     stereotypes/

                                          3
     _____
                        COMPLAINT FOR DAMAGES

11.     Sedgwick has refused to reward even its most successful women. In 2016, a woman who has practiced law at Sedgwick for 34 years (since 1982) became the first female appointed to Sedgwick's Executive Committee. But this woman was appointed only after Ribeiro formally alleged systemic gender discrimination at the Firm in January 2016. Like many other women, Ribeiro has not advanced to equity partner despite being exceedingly qualified and successful as compared to male peers.

12.     Ribeiro was the Firm's third highest revenue-generator in 2015 and is one of a small group of attorneys at Sedgwick who repeatedly generate multi-million dollar annual revenues. She makes time to participate in associate development and Firm committees. But no matter what she does, she cannot break the glass ceiling of admission to equity partnership at Sedgwick. And like other female attorneys, she is undercompensated consistently.

13.     Ribeiro is decisive and assertive. Those skills enable her to obtain successful client outcomes, which result in her being entrusted with additional client engagements. But because she is a woman, Sedgwick's male leadership perceives her as a second-class citizen who should be kept in her place. Sedgwick's attitude is exacerbated by the fact that Ribeiro has opposed gender pay inequity for herself and female associates.

14.     Like other female attorneys, Ribeiro is caught in the "Catch-22" explained by the Supreme Court in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 250-51 (1989): "An employer who objects to aggressiveness in women but whose positions require this trait places women in an intolerable and impermissible catch 22: out of a job if they behave aggressively and out of a job if they do not." But, as the Supreme Court also explained, "Title VII lifts women out of this bind." *Id.*

15.     Ribeiro seeks to break the Catch-22 cycle at Sedgwick. Ribeiro brings this lawsuit to hold Sedgwick accountable for its unlawful and discriminatory treatment of a class of Sedgwick's past and present female attorneys in partnership track positions, to make class members whole, and to provide class-wide injunctive relief to end Sedgwick's company-wide pattern or practice of gender discrimination.

//

4

COMPLAINT FOR DAMAGES

## II. JURISDICTION, VENUE

16.    This Court has jurisdiction over Plaintiff's claims pursuant to California Government Code §12965. Venue is proper in this Court because Defendant is located in San Francisco and many of the incidents giving rise to Plaintiff's claims took place in this county.

## III. PARTIES & BACKGROUND

17.    Sedgwick is a San Francisco-based international litigation and business law firm that provides counseling, risk management, litigation management, trial, appellate and transactional legal services to corporate clients. Sedgwick employs over 300 attorneys in 13 cities across 7 states and the District of Columbia, as well as international offices, and has over 500 employees in the United States.

18.    Sedgwick is organized and operates pursuant to a Partnership Agreement. Pursuant to its Partnership Agreement, Sedgwick is managed by the Chair of the Firm with the assistance of the Executive Committee. The Executive Committee is comprised of the Chair, the head of each of the Firm's three divisions (Insurance Practices, Complex Litigation, and Commercial Practices) and one at-large member. All members of the Executive Committee are equity partners. Until 2016 and Ribeiro's complaint about it, all Executive Committee members have been male.

19.    Presently, Michael F. Healy (male) is the Chair of the Firm. Prior to Healy's election in February 2015, Michael Tanenbaum (male) was Chair for seven years. The Firm has never had a woman as Chair of the Firm.

20.    Throughout Ribeiro's employment, the Chair of the Firm and the majority of the Executive Committee members have been from Sedgwick's California offices. The majority of the recommendations and/or decisions impacting Sedgwick's female attorneys described herein were made in California.

21.    Plaintiff Traci Ribeiro is a female attorney who currently resides in Illinois. Ribeiro has been employed by Sedgwick as an attorney on partnership track since 2011. Ribeiro is based in Sedgwick's Chicago office, and her practice is nationwide.

22.    Throughout her employment, Ribeiro has worked in Sedgwick's Insurance

5

1   Practices Division. Initially, Bruce Celebrezze (male) was Insurance Practices Division Chair; he

2   also has served as the Firm's Acting General Counsel. Ralph Guirgis (male) has served as

3   Insurance Practices Division Chair since approximately May 2015.

4           23.     Sedgwick's Executive Committee makes recommendations to the partnership for

5   compensation for each attorney and makes recommendations on whether an attorney should be

6   promoted to partner (non-equity or equity). The recommendations and decisions are based on

7   numerous subjective criteria, such as personal attributes, which are susceptible to gender bias.

8           24.     Each year, Sedgwick determines how much compensation each attorney will

9   receive and which attorneys (if any) will be promoted to partner (non-equity or equity). Non-

10  equity partners receive a "base compensation" during the calendar year until Sedgwick

11  determines each non-equity partner's total annual compensation at its annual November meeting

12  of equity partners; remaining compensation due is then paid in December of that year. As

13  explained to Ribeiro, an attorney's prior year's compensation is a factor in determining that

14  attorney's compensation for the current year (e.g., 2014's annual compensation is a factor in

15  determining 2015's annual compensation).

16          25.     There is no process at Sedgwick for a non-equity partner to apply for promotion

17  to equity partner. Attorneys are informed of their promotion to equity after a decision is made by

18  the Firm – typically at its annual November meeting of equity partners.

19          26.     Sedgwick's written policies validate and encourage in-group bias as criteria for

20  promotion. Sedgwick's Partnership Agreement does not even reference Equal Employment

21  opportunities, unlawful discrimination, or retaliation. Sedgwick's Partnership Agreement also

22  does not identify the qualifications necessary for promotion to partner. Sedgwick's Partner

23  Handbook (Section I.B) identifies the category "Personal Attributes" as criteria for partnership,

24  requiring in part, that the candidate be "well liked and respected by his or her colleagues in the

25  Firm." Stereotypical views about women permeate Defendant's decisionmaking because it relies

26  on highly subjective criteria such as "personal attributes."

27          27.     Sedgwick's male-dominated culture creates an environment where gender

28  stereotypes flourish. This culture drives the Executive Committee's recommendations regarding

1  compensation and promotion and the attendant compensation and promotion decisions by the

2  Firm. Sedgwick has denied Ribeiro and other past and present female attorneys in partnership

3  track positions equal terms, conditions, privileges and benefits of employment on the basis of

4  gender and gender stereotypes.

5       28.    There is no safe haven from discrimination at Sedgwick. Sedgwick's "Women's

6  Forum" is presumably intended to help advance women, but in practical effect serves to

7  institutionalize women's lower rank at the firm. Ribeiro spoke with a leader of the Sedgwick

8  Women's Forum and expressed concern over the Firm's treatment of women; Ribeiro was

9  informed by her that "Sedgwick discriminates, but just not as much as other firms."

10  **IV.  PLAINTIFF'S TREATMENT AND OPPOSITION TO GENDER INEQUITY**

11      29.    Traci Ribeiro graduated from American University, Washington College of Law

12  in 1995. She is admitted to practice law in Arizona, Illinois, New York and Pennsylvania.

13      30.    Ribeiro joined Sedgwick in 2011. Throughout her employment at Sedgwick,

14  Ribeiro has more than satisfactorily performed all duties assigned to her. In calendar year 2015,

15  Ribeiro was the third highest revenue-generator for the entire Firm based on origination of

16  billings collected.

17      31.    Ribeiro typically out performs her peers on objective evaluation criteria, including

18  billings, revenues collected, billable hours, number of matters originated, fee realization,

19  associate utilization and other criteria.

20      32.    During Ribeiro's employment, male attorneys have advanced to the position of

21  partner and equity partner at far greater rates than women while the percentage of female equity

22  partners is declining. Additionally, male attorneys have been and are currently paid more than

23  female attorneys.

24      33.    In late 2011 (effective 2012), Ribeiro was promoted to non-equity partner from

25  contract partner (the initial position into which she was hired). Yet in the role of partner, Ribeiro

26  has not been paid the same as male partners; nor has she been paid commensurate with her

27  contributions to the Firm.

28  //

34.     In 2012, Ribeiro informed several equity partners, including current and former members of the Management Committee, that she was being paid less than men.

35.     In approximately September 2012, Ribeiro placed the Firm on notice that female associates were being paid less than comparable men. In opposing gender discrimination to Sedgwick's Human Resources department (specifically former Chief Human Resources Officer David Sanders (male)), Ribeiro advocated for raises for female associates on her team. One of those female attorneys was being paid $50,000 less per year than a comparable male despite being more productive and profitable; the other was paid $40,000 a year less than a comparable male attorney despite being more productive and profitable.

36.     The Firm's reaction to Ribeiro's daring to speak up in an assertive way for herself and others, instead of in a manner that conforms to gender stereotypes for females, was dramatic, decisive and definitive in its negative impact on what would have been Ribeiro's upward trajectory at the Firm if she were a man. In November 2012, Ribeiro was singled out, marginalized, and humiliated by one of the Firm's most important decisionmakers. Bruce Celebrezze (then-Chair of the practice group in which Ribeiro worked) told the room of approximately 60 equity partners that Ribeiro "needed to learn to behave." And, in order to teach her to behave, Celebrezze recommended lowering Ribeiro's compensation for that year. Celebrezze's comments and recommendation were not based on his own personal interactions with Ribeiro; Celebrezze had none on which to base his opinions – he only knew Ribeiro was female. Thus, Celebrezze used gender stereotypes to label Ribeiro as a problem employee instead of saying what she was in reality: a woman who was becoming a future Firm leader. Indeed, if Celebrezze—with his position and influence and in front of that audience—had shared positive impressions of Ribeiro instead of impressions chock full of gender bias, Ribeiro would be a fairly compensated equity partner at Sedgwick today – eliminating the need for this lawsuit.

37.     Instead of stopping Celebrezze in his tracks, other Sedgwick leaders and decisionmakers also made stereotyped remarks to or about Ribeiro in the scope of evaluating her work and assessing her opportunities at the Firm. In 2013, at the opening of a meeting with the then-Firm Chair on her role at the Firm, the then-Firm Chair told Ribeiro "don't worry, we're not

8

1   going to bring you out to the woodshed," which Ribeiro understood to refer to the practice of

2   taking a naughty girl out of the house for a private spanking. A comment like this is

3   characteristic of the paternalistic, dismissive, and gender-biased way Ribeiro has been treated by

4   Sedgwick and would not have been said to a male attorney. Discussion of a spanking has no

5   place in a conversation about a female's professional prospects.

6       38.     Throughout 2013, Ribeiro continued to communicate with then-Division Chair

7   Bruce Celebrezze about her inappropriate compensation. Despite the humiliation of knowing

8   Celebrezze told the equity partners they needed to teach Ribeiro to "behave," Ribeiro still

9   continued to try to work with him inside of the Sedgwick system. Soon after Ribeiro learned

10  what her compensation would be for 2013, a female equity partner admitted to Ribeiro that she

11  should have received significantly more given the revenue Ribeiro generated for the Firm.

12  Ribeiro was likewise undercompensated for 2014 and 2015.

13      39.     Throughout her employment, Ribeiro has made it known to partners that she

14  wanted to become an equity partner. Though Sedgwick has no formal path that leads to elevation

15  to equity partner, that position is the pinnacle of advancement in any partnership. Despite

16  Ribeiro's objective qualifications and track record of success, she has not been offered

17  promotion to equity partner. Ribeiro was passed over for promotion in 2013, 2014 and 2015.

18      40.     In an attempt to address her pay and promotion inequity, Ribeiro requested a

19  meeting with the newly-elected Firm Chair, Mike Healy, in February 2015. Ribeiro met with

20  Healy in March 2015 in Chicago, to enlist the support of the Firm's new leadership to treat her

21  fairly. During the meeting, Ribeiro shared her concerns about the manner in which she was being

22  treated at the Firm, including her dismay regarding the failure to promote her to equity partner

23  and the failure to compensate her fairly. Healy did not want to hear about the discriminatory

24  behavior Ribeiro had been subjected to at the hands of Celebrezze, Tanenbaum, and others.

25  Healy insinuated that it was Ribeiro's fault that she was not yet an equity partner.

26      41.     In a two-hour meeting on her role at the Firm in which she sought guidance on

27  how to shape a productive future there, Ribeiro was given no explanation for why she had not yet

28  been promoted to equity partner. Healy suggested she could "do better," but did not identify a

9

1    single category in which she had not excelled or in which she could improve. He gave her no

2    advice on how to advance at the Firm, but he did ask her whether she could keep less productive

3    partners busy in the California offices with her robust case load. In fact, the majority of the

4    meeting was spent discussing how Ribeiro should "keep doing what you're [she was] doing," in

5    order to grow her book of business at Sedgwick.

6        42.    Shortly after this meeting, realizing that she could not achieve fair treatment at

7    Sedgwick because of the gender bias of its decisionmakers, Ribeiro requested to return to

8    contract partner status so that she could get fair compensation through a contract that paid her a

9    percentage of revenue generated (i.e., through a formula). Ribeiro made this request in an

10   attempt to be compensated fairly and objectively without gender bias or gender discrimination.

11       43.    For six months Ribeiro waited for formal approval of her request to move to

12   contract partner status. Sedgwick had led Ribeiro to believe her request would be granted. In

13   September 2015, however, Sedgwick denied Ribeiro's request and told her it was because there

14   were "better things" in store for her at Sedgwick. Ribeiro believed the denial of her request and

15   this messaging was the Firm leadership signaling to her that she was going to be made an equity

16   partner in November 2015. Accordingly, between September 2015 and November 2015, Ribeiro

17   again informed several equity partners she wanted to be promoted to equity partner in 2015. And

18   she waited, hopefully and in good faith, for the promotion she had earned years earlier.

19       44.    But in November 2015, Sedgwick again denied Ribeiro promotion, despite a

20   stellar track record of contributions to the Firm and her repeated requests to be promoted. The

21   failure to promote her to equity partner was in retaliation for her complaints regarding gender

22   discrimination.

23       45.    In November 2015, the Firm promoted one individual to equity partner: a male

24   with drastically lower revenue-generation than Ribeiro. Indeed, upon information and belief, the

25   male promoted had less than 10% of Ribeiro's revenues.

26       46.    Ribeiro learned Sedgwick had not promoted her to equity partner again in

27   November 2015. In addition to learning she would not be promoted, Ribeiro also learned that her

28   2015 compensation was significantly out of step with the revenues she generated for the Firm. In

10

COMPLAINT FOR DAMAGES

1   fact, as a percentage of revenue generated, Ribeiro's 2015 compensation was the lowest

2   compensation she had ever received in her history of employment at Sedgwick.

3       47.   Previously, in September 2015, Sedgwick had told Ribeiro what she should

4   expect to be paid for 2015. Healy and Guirgis told Ribeiro the specific amount she could expect

5   to earn based on the Firm's estimates of her collections for the year. No basis for her

6   compensation other than revenue-generated was mentioned during the conversation. By

7   November 2015, Ribeiro had nearly doubled Sedgewick's September estimates of her

8   collections. Despite Ribeiro nearly doubling the Firm's revenue estimates for her, Sedgwick only

9   increased her compensation for 2015 by approximately 10%.

10      48.   In November 2015, Ribeiro objected to her compensation. The Firm retaliated

11  against Ribeiro by paying the remainder of her 2015 compensation in two installments, the

12  second of which was in 2016. Customarily, compensation was paid in one installment in

13  December. Ribeiro's compensation had never been delayed in this manner. This payment

14  schedule violates the rules of Sedgwick's Partnership Handbook and, upon information and

15  belief, such a delay had never been imposed upon a male non-equity partner.

16              **V.  SEDGWICK BREACHED ITS DUTY TO INVESTIGATE**

17      49.   Under the heading "Equal Opportunity Practices," Sedgwick's Partner Handbook

18  states its "policy prohibits discrimination based on … sex … or any other consideration made

19  unlawful by federal, state or local laws." Handbook, Section II. The Handbook also states

20  Sedgwick "will not retaliate against any Partner for filing a complaint or providing evidence as a

21  witness to a complaint, and will not permit retaliation by any person." Handbook, Section II. The

22  Handbook describes how a partner can provide a complaint and promises that Sedgwick "will

23  investigate the complaint of discrimination." Handbook, Section II.

24      50.   None of Ribeiro's complaints of unequal pay and unequal treatment through the

25  years were investigated in a timely manner.

26      51.   On February 17, 2016, Ribeiro filed a charge of systemic gender discrimination

27  and retaliation with the Equal Employment Opportunity Commission. On April 19, 2016,

28  Ribeiro amended that charge. Ribeiro asked that her charge be cross-filed with the Illinois

1    Department of Human Rights and with the California Department of Fair Employment and

2    Housing.

3        52.    It was only after Ribeiro filed her EEOC charge that Sedgwick initiated an

4    internal investigation of Ribeiro's allegations pursuant to its Partner Handbook. The Firm's

5    acting general counsel (Celebrezze) either did not know an investigation was required, did not

6    want to investigate his own role in the decisions or did not care enough about the issues raised to

7    conduct an investigation based on Ribeiro's internal Sedgwick complaints.

8        53.    Sedgwick's long-overdue "internal investigation" was a sham. Sedgwick hired the

9    same law firm to defend it against Ribeiro's EEOC charge (Seyfarth Shaw LLP) as it hired to

10   conduct its "internal investigation" pursuant to the Partner Handbook. The associate from

11   Seyfarth Shaw who interviewed Ribeiro on March 22, 2016 – purportedly as part of Sedgwick's

12   "internal investigation" – never contacted Ribeiro or her counsel about the status of the

13   investigation after the initial interview, apparently assuming Ribeiro's input and follow-up could

14   not have been useful.

15       54.    Through a letter dated March 29, 2016, the EEOC notified Sedgwick it would

16   conduct an investigation of Ribeiro's charge. Days later, on April 8, 2016, Sedgwick (through its

17   counsel Seyfarth Shaw) sought to silence Ribeiro yet again, this time seeking to keep her from

18   having a day in court. The Firm initiated an arbitration demand in California seeking a

19   "declaratory judgment that it neither discriminated nor retaliated against [Ribeiro] in setting

20   Ribeiro's compensation, in determining whether she should be elected equity partner, or on any

21   other ground" (JAMS Ref. No. 1100084095).

22       55.    Ribeiro contests jurisdiction of the arbitration forum to resolve the legal claims

23   identified in the charge. By filing its arbitration demand, Sedgwick is attempting to subvert the

24   statutory process for investigation of employment discrimination and retaliation claims and force

25   Ribeiro to litigate those claims before administrative agencies complete their investigations.

26   Sedgwick's request for declaratory relief undermines those agencies' authority to investigate

27   Ribeiro's allegations and determine whether or not the agencies believe Ribeiro or other female

28   attorneys were discriminated against. Additionally, Sedgwick cannot obtain the relief it seeks in

                                          12

1    arbitration because that relief is not available under the applicable laws; nor is Sedgwick

2    authorized to initiate suit to pursue it.

3           56.    Sedgwick concluded its investigation with, essentially, a boilerplate letter to

4    Ribeiro dated June 1, 2016. The letter is nothing more than a "C.Y.A." tactic and makes no

5    reference to the systemic, firm-wide allegations Ribeiro raised. The letter does not even indicate

6    that Ribeiro's compensation was compared to other attorney's compensation at Sedgwick.

7                          **VI.  CLASS ACTION ALLEGATIONS**

8           57.    Ribeiro brings this action on behalf of a class of Sedgwick's past and present

9    female attorneys in partnership track positions for whom Sedgwick's Executive Committee made

10   pay or promotion recommendations. All requirements of class certification are met by the

11   proposed class.

12          58.    The class of female employees and former employees is so numerous that joinder

13   of all members is impracticable.

14          59.    There are questions of law and fact common to the class, and those questions can

15   and should be resolved in a single proceeding that furthers this litigation.

16          60.    The claims alleged by Ribeiro are typical of the claims of the class.

17          61.    Ribeiro will fairly and adequately represent and protect the interests of the class.

18          62.    The issues of determining liability and equitable relief, among other issues, are

19   appropriate for issue certification, as are other common issues.

20          63.    The questions of law and fact common to the members of the class predominate

21   over any questions affecting only individual members, and a class action is superior to other

22   available methods for the fair and efficient adjudication of the controversy.

23          64.    Class certification is appropriate because Ribeiro seeks declaratory and/or

24   injunctive relief.

25                          **VII.  <u>FIRST CAUSE OF ACTION</u>**

26   **DECLARATORY RELIEF REGARDING ALLEGED ARBITRATION AGREEMENT**
                                   **(Individual Claim)**
27

28          65.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

                                            13

66.     Defendant contends Section 10.17 of its Partnership Agreement requires arbitration of Plaintiff's statutory employment discrimination and retaliation claims (i.e., the statutory claims for unequal pay, discrimination and retaliation identified herein). Plaintiff contends that Section 10.17 does not cover the parties' disagreement because Section 10.17 was not formed as an enforceable arbitration agreement between the parties and the parties' dispute stems from a separate and distinct contract that is explicit and clear on its four corners – the Partner Handbook.

67.     Section 10.17 contains an illegal and unenforceable delegation clause which permits an arbitrator to decide issues of arbitrability instead of a Court. Section 10.17(b) illegally confers upon the arbitrator the authority "to determine whether or not the Dispute should be subject to the ADR Process." But this Court has exclusive jurisdiction to determine whether an agreement to arbitrate was formed; that issue cannot be decided by an arbitrator. *AT&T Technologies v. Communications Workers of America et al.*, 475 U.S. 643, 649 (1986) ("The question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator").

68.     Plaintiff seeks declaratory relief that Section 10.17 is not an enforceable agreement to arbitrate because it constitutes a contract of adhesion that is procedurally and substantively unconscionable and, accordingly, does not mandate arbitration of the claims alleged herein.

69.     If applicable, Section 10.17 would preclude effective vindication of Plaintiff's statutory claims for employment discrimination or retaliation by:

(a)     shortening the statutes of limitation to a time before any governmental agency could complete its investigation because, if applicable, Section 10.17 would require that Plaintiff's claims "be filed within ninety calendar days after the date the Dispute first arose;"

(b)     requiring that "the arbitrator must schedule the first hearing for a date not later than ninety calendar days following appointment of the arbitrator, and the hearings must be concluded within one hundred fifty calendar days from

14

1   appointment of the arbitrator" – timeframes which are shorter than the statutory

2   period required for investigation by administrative agencies;

3          (c)   limiting Plaintiff's ability to use basic discovery methods because

4   it "prohibits interrogatories and requests for admission to be sent to any party at

5   any time;" and

6          (d)   requiring Plaintiff to "pay a pro-rata share of the fees and cost for

7   the ADR Tribunal and the arbitrator" or, alternatively, face "a Final Award in

8   favor of the non-defaulting party."

9        70.   Each of the provisions identified herein individually renders Section 10.17

10   unenforceable as it relates to all or some of Plaintiff's claims. Alternatively, taken together, the

11   provisions identified herein render Section 10.17 unenforceable as it relates to all or some of

12   Plaintiff's claims. If applicable, Section 10.17 would quash Plaintiff's ability to effectively

13   vindicate her statutory claims for employment discrimination or retaliation.

14        71.   Plaintiff seeks declaratory relief that she and Sedgwick never formed an

15   agreement to arbitrate statutory claims for employment discrimination or retaliation. Such claims

16   are expressly excluded from the plain language of the Partnership Agreement. If they were

17   intended to be included, the language to do so could have been included in a simple,

18   straightforward manner – the Partnership Agreement would simply state "all disputes" between a

19   partner and the partnership must be arbitrated. Alternatively, Plaintiff seeks declaratory relief

20   that the claims alleged herein do not fall with the scope of claims subject to arbitration under

21   Section 10.17.

22        72.   Plaintiff further requests that this Court issue an order staying Sedgwick's

23   arbitration against Ribeiro (JAMS Ref. No. 1100084095) until such time as the Court can make

24   the determination of whether an agreement to arbitrate the claims set forth herein exists.

25           **VIII.  <u>SECOND CAUSE OF ACTION</u>**

26           **BREAST OF IMPLIED CONTRACT**

27           **(Individual Claim)**

28        73.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

15

74.     The obligations in the Partner Handbook regarding Equal Opportunity Practices constitute implied-in-fact contracts. The Handbook does not include any disclaimer disavowing its status as a contract, except with respect to certain issues in sections other than the Equal Opportunity Practices section. The Handbook contains no provision regarding arbitration.

75.     During the course of her employment and in making internal complaints of gender discrimination and retaliation, Plaintiff relied on the promises in the Partner Handbook set forth herein that Defendant would not discriminate against her, would not retaliate against her, and would investigate her internal complaints in an even-handed and timely fashion. In response to her internal complaint and filing an administrative charge, she was sued in arbitration to obstruct the government's investigation of gender discrimination and retaliation and to avoid this filing.

76.     Defendant breached its obligations by permitting discrimination and retaliation and failing to investigate her complaints and failing to pay Plaintiff in accordance with the terms of the Partner Handbook.

77.     Plaintiff suffered damages as a result of Defendant's breach of its implied-in-fact obligations in the Partner Handbook.

## IX.  THIRD CAUSE OF ACTION

### CALIFORNIA FAIR PAY ACT
**(California Labor Code §1197.5, *et seq*.)**
**(Individual and Class Claims)**

78.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

79.     This Count is brought on behalf of Plaintiff and all members of the class.

80.     Defendant has discriminated against Plaintiff and similarly-situated female employees in violation of the California Fair Pay Act, California Labor Code § 1197.5, *et seq.* by subjecting them to unequal pay on the basis of sex.

81.     Defendant has discriminated against Plaintiff and similarly-situated female employees by treating them differently from and less preferably than similarly-situated male employees who performed jobs which required equal skill, effort, and responsibility, and which

//

16

COMPLAINT FOR DAMAGES

1    were performed under similar working conditions. Defendant also discriminated by subjecting

2    them to less (discriminatory) pay and benefits in violation of the California Fair Pay Act.

3        82.    Defendant caused, attempted to cause, contributed to, or caused the continuation

4    of, the wage rate discrimination based on sex in violation of the California Fair Pay Act.

5        83.    Further, Defendant knew of or showed reckless disregard for the fact that its

6    conduct was in violation of the California Fair Pay Act.

7        84.    As a result of Defendant's conduct alleged herein and/or Defendant's willful,

8    knowing and intentional discrimination, Plaintiff and similarly-situated female employees have

9    suffered and will continue to suffer harm, including but not limited to, lost wages, lost benefits,

10   and other financial loss.

11       85.    Plaintiff and similarly-situated female employees should be awarded all legal and

12   equitable remedies, including underpaid wages, liquidated damages and reasonable attorneys'

13   fees under California Labor Code § 1197.5 and California Code of Civil Procedure § 1021.5.

14       86.    Plaintiff and similarly-situated female employees are also entitled to civil

15   penalties pursuant to California Labor Code §§ 1197.5 and 2699(f).

## X. **FOURTH CAUSE OF ACTION**

### **CALIFORNIA FAIR PAY ACT -- RETALIATION**
**(California Labor Code §1197.5, *et seq.*)**
**(Individual)**

20       87.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

21       88.    Plaintiff alleges that she suffered retaliation because of her protected activity, in

22   violation of California Labor Code § 1197.5(j) as alleged herein, including with respect to her

23   promotion, compensation and request to become a contract partner.

24       89.    As a result of Defendant's willful retaliation, Plaintiff has suffered and continues

25   to suffer materially adverse harm, including but not limited to lost wages and benefits,

26   diminished employment opportunities, and humiliation, embarrassment, emotional and physical

27   distress, and mental anguish.

28   //

17

COMPLAINT FOR DAMAGES

90.     Further, Defendant knew of or showed reckless disregard for the fact that its conduct was in violation of the California Fair Pay Act.

91.     As a result of Defendant's conduct alleged herein and/or Defendant's willful, knowing and intentional discrimination, Plaintiff has and will continue to suffer harm, including but not limited to, lost wages, lost benefits, and other financial loss.

92.     Plaintiff should be awarded all legal and equitable remedies, including underpaid wages, liquidated damages and reasonable attorneys' fees under California Labor Code § 1197.5 and California Code of Civil Procedure § 1021.5.

93.     Plaintiff also is entitled to civil penalties pursuant to California Labor Code §§ 1197.5 and 2699(f).

94.     By reason of Defendant's willful retaliation, Plaintiff is entitled to all remedies available for violations of the anti-retaliation provision of the California Fair Pay Act, including reimbursement for lost wages and benefits and reasonable attorneys' fees.

## XI. <u>FIFTH CAUSE OF ACTION</u>

### ILLINOIS EQUAL PAY ACT
### (820 ILCS 112/1, *et seq.*)
### (Individual and Class Claims)

95.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

96.     This Count is brought on behalf of Plaintiff and all members of the class.

97.     Defendant has discriminated against Plaintiff and similarly-situated female employees in violation of the Illinois Equal Pay Act, 820 ILCS 112/, *et seq.* by subjecting them to unequal pay on the basis of sex.

98.     Defendant has discriminated against Plaintiff and similarly-situated female employees by treating them differently from and less preferably than similarly-situated male employees who performed jobs which required equal skill, effort, and responsibility, and which were performed under similar working conditions. Defendant also discriminated by subjecting them to less (discriminatory) pay and benefits in violation of the Illinois Equal Pay Act.

99.     As a result of Defendant's conduct alleged herein and/or Defendant's willful,

18

1   knowing and intentional discrimination, Plaintiff and similarly-situated female employees have

2   suffered and will continue to suffer harm, including but not limited to, lost wages, lost benefits,

3   and other financial loss.

4       100.   Plaintiff and similarly-situated female employees should be awarded the entire

5   amount of underpayment, interest, costs, reasonable attorneys' fees and other statutory penalties

6   or relief as may be allowed by the Court pursuant to 820 ILCS 112/30.

## XII.  SIXTH CAUSE OF ACTION

### ILLINOIS EQUAL PAY ACT -- RETALIATION
### (820 ILCS 112/1, *et seq.*)
### (Individual)

11       101.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

12       102.   Plaintiff alleges that she suffered retaliation and harm because of her protected

13   activity, in violation of 820 ILCS 112/10(b).

14       103.   As a result of Defendant's willful retaliation, Plaintiff has suffered and continues

15   to suffer materially adverse harm, including but not limited to lost wages and benefits,

16   diminished employment opportunities, and humiliation, embarrassment, emotional and physical

17   distress, and mental anguish.

18       104.   By reason of Defendant's willful retaliation, Plaintiff is entitled to all remedies

19   available for violations of the anti-retaliation provision of the Illinois Equal Pay Act, including

20   back pay, front pay, the value of any lost benefits, liquidated damages, and any other legal and

21   equitable relief as may be appropriate to effectuate the purposes of the statute pursuant to 820

22   ILCS 112/35(b).

### XIII.  SEVENTH CAUSE OF ACTION

### FEDERAL EQUAL PAY ACT
### (29 U.S.C. § 206, *et seq.*)
### (Individual and Class Claims)

27       105.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

28       106.   This Count is brought on behalf of Plaintiff and all members of the class.

19

COMPLAINT FOR DAMAGES

107.    Defendant has discriminated against Plaintiff and similarly-situated female employees in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206(d), as amended by the Equal Pay Act of 1963, by subjecting them to unequal pay on the basis of sex.

108.    Defendant has discriminated against Plaintiff and similarly-situated female employees by treating them differently from and less preferably than similarly-situated male employees who performed jobs requiring equal skill, effort, and responsibility, and which were performed under similar working conditions. Defendant also discriminated by subjecting them to less (discriminatory) pay and benefits in violation of the Equal Pay Act.

109.    Defendant caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the Equal Pay Act. Further, Defendant knew of or showed reckless disregard for the fact that its conduct was in violation of the Equal Pay Act.

110.    As a result of Defendant's conduct alleged herein and/or Defendant's willful, knowing and intentional discrimination, Plaintiff and similarly-situated female employees have suffered and will continue to suffer harm, including but not limited to, lost wages, lost benefits, and other financial loss.

111.    Plaintiff and similarly-situated female employees should be awarded all legal and equitable remedies, including underpaid wages, doubled compensatory awards for all willful violations and reasonable attorneys' fees under 29 U.S.C. § 216, *et seq.*

112.    Reasonable attorneys' fees should be awarded under 29 U.S.C. § 216(b).

### XIV.  **EIGHTH CAUSE OF ACTION**

**FEDERAL EQUAL PAY ACT -- RETALIATION**
**(29 U.S.C. § 215(a)(3))**
**(Individual)**

113.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

114.    Plaintiff alleges that she suffered retaliation and harm because of her protected activity, in violation of 29 U.S.C. § 215(a)(3).

115.    As a result of Defendant's willful retaliation, Plaintiff has suffered and continues

20

COMPLAINT FOR DAMAGES

1    to suffer materially adverse harm, including but not limited to lost wages and benefits,

2    diminished employment opportunities, and humiliation, embarrassment, emotional and physical

3    distress, and mental anguish.

4        116.    By reason of Defendant's willful retaliation, Plaintiff is entitled to all remedies

5    available for violations of the anti-retaliation provision of the Equal Pay Act, as incorporated into

6    the Fair Labor Standards Act, including punitive and compensatory damages.

7        117.    Reasonable attorneys' fees should be awarded under 29 U.S.C. § 216(b).

8               **XV.  NINTH CAUSE OF ACTION**[3]

9          **CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
               **(Cal. Gov. Code § 12940, *et seq.*)**
10                **(Individual and Class Claims)**
          **(Disparate Treatment and Disparate Impact Claims)**
11

12       118.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

13       119.    This Count is brought on behalf of Plaintiff and all members of the class.

14       120.    Defendant has discriminated against Plaintiff and similarly-situated female

15   employees in violation of the California Fair Employment and Housing Act ("FEHA"), Cal.

16   Gov. Code § 12940, *et seq.*, by subjecting them to different and adverse treatment on the basis of

17   gender. Plaintiff and similarly-situated female employees have suffered both disparate impact

18   and disparate treatment as a result of Defendant's conduct.

19       121.    Defendant has discriminated against Plaintiff and similarly-situated female

20   employees by treating them differently from and less preferably than similarly-situated male

21   employees and by subjecting female employees to discriminatory (lesser) pay and benefits,

22   discriminatory terms and conditions of employment, and other forms of discrimination, in

23   violation of the FEHA.

24       122.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless

25   //

26

27   ───────────────
     [3] Plaintiff acknowledges she has not yet exhausted her administrative remedies with respect to
28   certain claims identified herein but nonetheless identifies these claims in order to place
     Defendant on notice of her intent to pursue them in Court.

                                21

1    and conducted in callous disregard of the rights of Plaintiff and similarly-situated female

2    employees, entitling them to punitive damages.

3         123.    As a result of Defendant's conduct alleged in this complaint, Plaintiff and

4    similarly-situated female employees have suffered and continue to suffer harm, including but not

5    limited to lost wages and benefits, diminished employment opportunities, and humiliation,

6    embarrassment, emotional and physical distress, and mental anguish.

7         124.    Defendant's policies, practices and/or procedures have produced a disparate

8    impact on Plaintiff and similarly-situated female employees with respect to their wages and other

9    terms and conditions of employment.

10        125.    By reason of Defendant's discrimination, Plaintiff and similarly-situated female

11   employees are entitled to all legal and equitable remedies available for violations of FEHA,

12   including an award of compensatory and punitive damages.

13        126.    Attorneys' fees should be awarded under Cal. Gov. Code § 12940 and California

14   Code of Civil Procedure § 1021.5.

## XVI.  TENTH CAUSE OF ACTION

### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT -- RETALIATION
### (Cal. Gov. Code 12940(h))
### (Individual)

19        127.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

20        128.    Plaintiff alleges that she suffered retaliation and harm because of her protected

21   activity, in violation of Cal. Gov. Code 12940(h).

22        129.    As a result of Defendant's retaliation, Plaintiff has suffered and continues to

23   suffer harm, including but not limited to lost wages and benefits, diminished employment

24   opportunities, and humiliation, embarrassment, emotional and physical distress, and mental

25   anguish.

26        130.    By reason of Defendant's unlawful retaliation, Plaintiff is entitled to all remedies

27   available for violations of the anti-retaliation provision of FEHA, including an award of

28   compensatory and punitive damages.

COMPLAINT FOR DAMAGES

1    131.    Attorneys' fees should be awarded under Cal. Gov. Code § 12940 and California

2    Code of Civil Procedure § 1021.5.

3    **XVII.   ELEVENTH CAUSE OF ACTION**

4    **FAILURE TO PREVENT DISCRIMINATORY PRACTICES IN VIOLATION OF**
     **FAIR EMPLOYMENT AND HOUSING ACT**
5    **(California Government Code § 12940, *et seq.*)**
     **(Individual Claim)**
6

7    132.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

8    133.    At all relevant times mentioned herein, California Government Code Section

9    12940, *et seq.* was in full force and effect and binding upon Defendant and its employees.

10   Section 12940(k) provides that it is an unlawful employment practice for an employer "to fail to

11   take all reasonable steps necessary to prevent discrimination . . . from occurring."

12   134.    Through its acts and omissions, Defendant failed in its affirmative duty to take all

13   reasonable steps necessary to prevent discrimination on the basis of gender from occurring in

14   violation of California Government Code § 12940(k).

15   135.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff

16   suffered and will continue to suffer economic and non-economic compensatory damages for

17   which Defendant is liable, including but not limited to pain and suffering, the loss of past and

18   future salary, wages, benefits, and other privileges and conditions of employment in an amount

19   to be proven at trial.

20   136.    As a result of Defendant's unlawful acts, Plaintiff is entitled to compensatory

21   damages, equitable relief, attorneys' fees, and costs.

22   **XVIII.   TWELFTH CAUSE OF ACTION**

23   **ILLINOIS HUMAN RIGHTS ACT**
     **(740 ILCS 5/, *et seq.*)**
24   **(Individual and Class Claims)**
     **(Disparate Treatment and Disparate Impact Claims)**
25

26   137.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

27   138.    This Count is brought on behalf of Plaintiff and all members of the class.

28   139.    Defendant has discriminated against Plaintiff and similarly-situated female

23

COMPLAINT FOR DAMAGES

1   employees in violation of the Illinois Human Rights Act ("IHRA"), 740 ILCS 5/, *et seq.*, by

2   subjecting them to different and adverse treatment on the basis of their gender. Plaintiff and

3   similarly-situated female employees have suffered both disparate impact and disparate treatment

4   as a result of Defendant's conduct.

5         140.   Defendant has discriminated against Plaintiff and similarly-situated female

6   employees by treating them differently from and less preferably than similarly-situated male

7   employees and by subjecting female employees to discriminatory (lesser) pay and benefits,

8   discriminatory terms and conditions of employment, and other forms of discrimination, in

9   violation of the IHRA.

10        141.   Defendant's conduct has been intentional, deliberate, willful, malicious, reckless

11  and conducted in callous disregard of the rights of Plaintiff and similarly-situated female

12  employees, entitling them to punitive damages.

13        142.   As a result of Defendant's conduct alleged in this complaint, Plaintiff and

14  similarly-situated female employees have suffered and continue to suffer harm, including but not

15  limited to lost wages and benefits, diminished employment opportunities, and humiliation,

16  embarrassment, emotional and physical distress, and mental anguish.

17        143.   Defendant's policies, practices and/or procedures have produced a disparate

18  impact on Plaintiff and similarly-situated female employees with respect to their wages and other

19  terms and conditions of employment.

20        144.   Plaintiff and similarly-situated female employees should be awarded all legal and

21  equitable remedies, including underpaid wages, actual damages for emotional distress,

22  prejudgment interest, and reasonable attorneys' fees under 775 ILCS 5/8A-104.

### XIX. <u>THIRTEENTH CAUSE OF ACTION</u>

### ILLINOIS HUMAN RIGHTS ACT RETALIATION
### (740 ILCS 5/, *et seq.*)
### (Individual)

27        145.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

28  //

24

146.    Plaintiff alleges that she suffered retaliation and harm because of her protected activity, in violation of 775 ILCS 5/6-101(A).

147.    As a result of Defendant's retaliation, Plaintiff has suffered and continues to suffer harm, including but not limited to lost wages and benefits, diminished employment opportunities, and humiliation, embarrassment, emotional and physical distress, and mental anguish.

148.    By reason of Defendant's unlawful retaliation, Plaintiff is entitled all legal and equitable remedies, including underpaid wages, actual damages for emotional distress, prejudgment interest, and reasonable attorneys' fees under 775 ILCS 5/8A-104.

## XX.  FOURTEENTH CAUSE OF ACTION

### TITLE VII GENDER DISCRIMINATION
### (42 U.S.C. § 2000e, et seq.)
### (Individual and Class Claims)
### (Disparate Treatment and Disparate Impact Discrimination)

149.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

150.    This Count is brought on behalf of Plaintiff and all members of the class.

151.    Defendant has discriminated against Plaintiff and similarly-situated female employees in violation of Title VII of the Civil Rights Act 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), by subjecting them to different and adverse treatment on the basis of their gender. Plaintiff and similarly-situated female employees have suffered both disparate impact and disparate treatment as a result of Defendant's conduct.

152.    Defendant has discriminated against Plaintiff and similarly-situated female employees by treating them less preferably than similarly-situated male employees and by subjecting them to discriminatory (lesser) pay and benefits, discriminatory terms and conditions of employment, and other forms of discrimination, in violation of Title VII.

153.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiff and similarly-situated female employees, entitling them to punitive damages.

154.    By reason of the continuous nature of Defendant's discriminatory conduct, which

25

has persisted throughout the employment of Plaintiff and similarly-situated female employees, they are entitled to application of the continuing violations doctrine to all violations alleged herein. Additionally, Plaintiff, on behalf of herself and others similarly situated, specifically invokes the Lilly Ledbetter Fair Pay Act provisions of Title VII.

155.    As a result of Defendant's conduct alleged in this complaint, Plaintiff and similarly-situated female employees have suffered and continue to suffer harm, including but not limited to lost wages and benefits, diminished employment opportunities, and humiliation, embarrassment, emotional and physical distress, and mental anguish.

156.    Defendant's policies, practices and/or procedures have produced a disparate impact on Plaintiff and similarly-situated female employees with respect to their wages and other terms and conditions of employment.

157.    By reason of Defendant's discrimination, Plaintiff and similarly-situated female employees are entitled to all remedies available for violations of Title VII, including an award of punitive damages. Reasonable attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

## XXI.  FIFTEENTH CAUSE OF ACTION

### TITLE VII RETALIATION
### (42 U.S.C. § 2000e, *et seq.*)
### (Individual)

158.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

159.    Plaintiff alleges that she suffered retaliation and harm because of her protected activity, in violation of 42 U.S.C. § 2000e-3(a).

160.    As a result of Defendant's retaliation, Plaintiff has suffered and continues to suffer harm, including but not limited to lost wages and benefits, diminished employment opportunities, and humiliation, embarrassment, emotional and physical distress, and mental anguish.

161.    By reason of Defendant's discrimination, Plaintiff is entitled to all remedies available for violations of the anti-retaliation provision of Title VII, including an award of punitive damages. Reasonable attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

26

1

**PRAYER FOR RELIEF**

2          WHEREFORE, Plaintiff respectfully requests that this Court find against Defendant as

3  follows:

4          1.          Stay Sedgwick's arbitration against Ribeiro (JAMS Ref. No. 1100084095) until

5  such time as this Court determines whether Section 10.17 of the Partnership Agreement is a

6  properly formed arbitration agreement pursuant to which any claims identified herein is subject

7  to arbitration;

8          2.          Declare that Section 10.17 of this Partnership Agreement does not require

9  arbitration of any claims identified herein;

10         3.          Certify this case as a class action;

11         4.          Designate Plaintiff as Class Representative and designate Plaintiff's counsel of

12  record as Class Counsel;

13         5.          Declare that Sedgwick's acts, conduct, policies and practices are unlawful and

14  violate Title VII, the Federal Equal Pay Act, the California Fair Employment and Housing Act,

15  the California Fair Pay Act, the Illinois Human Rights Act, and the Illinois Equal Pay Act.

16         6.          Declare that Sedgwick engages in a pattern or practice of gender discrimination

17  against females and employs policies and practices that have an unlawful disparate impact on

18  females;

19         7.          Issue a permanent injunction against Defendant and any and all persons acting in

20  concert with Defendant from engaging in any conduct violating the laws herein;

21         8.          Award Plaintiff and all others similarly situated the value of all compensation and

22  benefits lost and that they will lose in the future as a result of Sedgwick's unlawful conduct;

23         9.          Award Plaintiff and all others similarly situated compensatory and punitive

24  damages;

25         10.         Award Plaintiff and all others similarly situated prejudgment interest and

26  attorneys' fees, costs and disbursements, as provided by law;

27         11.         Award Plaintiff and all others similarly situated such other make-whole equitable,

28  //

27

COMPLAINT FOR DAMAGES

injunctive and legal relief as this Court deems just and proper to end the discrimination and fairly compensate Plaintiff and others similarly situated; and

12.    Award Plaintiff and all others similarly situated such other relief as this Court deems just and proper.

Respectfully submitted on behalf of Plaintiff and those similarly situated,

Dated: July 26, 2016          By: _____

Sharon R. Vinick

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for each and every claim for which she has a right to jury trial.

Dated: July 26, 2016          By: _____

Sharon R. Vinick

28

COMPLAINT FOR DAMAGES

CASE NUMBER: CGC-16-553231   TRACI RIBEIRO VS. SEDGWICK LLP

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|            |                                 |
|------------|---------------------------------|
| **DATE:**  | **DEC-28-2016**                 |
| **TIME:**  | **10:30AM**                     |
| **PLACE:** | **Department 610**              |
|            | **400 McAllister Street**       |
|            | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):**  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court (if different from the address above):

☐  Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐  This statement is submitted by party (name):
   b. ☐  This statement is submitted **jointly** by parties (names):


2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a.  The complaint was filed on (date):
   b. ☐  The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served (specify names and explain why not):

      (2) ☐  have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐  have had a default entered against them (specify names):

   c. ☐  The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):


4. **Description of case**
   a.  Type of case in  ☐  complaint    ☐  cross-complaint    (Describe, including causes of action):

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐  days *(specify number):*
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
f.  Fax number:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**20. Total number of pages attached** (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**



**Superior Court of California, County of San Francisco**
## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party.  The hourly mediator fee beyond the first three hours will vary depending on the mediator selected.  Waivers of the administrative fee are available to those who qualify.  For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org  or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program.  A preference for a specific judge may be indicated.  The court will coordinate assignment of cases for the program.  There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties.  Parties may find mediators and organizations on the Internet.  The cost of private mediation will vary depending on the mediator selected.

## 3)  ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony.  The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration".  The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.)  An arbitrator is chosen from the court's arbitration panel.  Arbitrations are generally held between 7 and 9 months after a complaint has been filed.  Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision.  Any party may request a trial within 60 days after the arbitrator's award has been filed.  Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration.  Here, the parties voluntarily consent to arbitration.  If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision.  In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT.  YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS.  THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. JOHN K. STEWART
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Michael I. Begert
The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Samuel K. Feng
The Honorable Charles F. Haines

The Honorable Harold E. Kahn
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach
The Honorable James Robertson, II
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

03/2015 (ja)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO :<br><br>ATTORNEY FOR *(Name):*<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514<br><br>PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |
|---|---|

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF) -** Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF -** Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation -** Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration -** Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Judicial Mediation -** The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION



# Superior Court of California
# County of San Francisco

**Expedited Jury Trial Information Sheet**

## What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

- **The trial will be shorter.** Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

- **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

  In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

## Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

## Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

## How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

## How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

1) **At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) **After a Trial Date has been Set**: Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

3) **After Trial Assignment**: A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### Expedited Jury Trial Request
*Please submit a copy of this request to Dept. 610.*

Case No. _____

Case Name: _____          v. _____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html.* The rules are at *www.courts.ca.gov/rules.*

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT–010–INFO, New January 1, 2011*

1  SEYFARTH SHAW LLP
   Nick C. Geannacopulos (SBN 114822)
2  *ngeannacopulos@seyfarth.com*
   Emily Barker (SBN 275166)
3  *ebarker@seyfarth.com*
   560 Mission Street, 31st Floor
4  San Francisco, California 94105
   Telephone:    (415) 397-2823
5  Facsimile:    (415) 397-8549

6

7  Attorneys for Defendant
   SEDGWICK LLP

8

9

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               COUNTY OF SAN FRANCISCO

12

13 TRACI RIBEIRO, on behalf of herself and all      Case No. CGC-16-553231
   others similarly situated,
14                                                   **DEFENDANT SEDGWICK LLP'S**
                    Plaintiff,                       **ANSWER TO PLAINTIFF'S COMPLAINT**
15                                                   **FOR DAMAGES**
          v.
16
   SEDGWICK LLP,
17
                    Defendant.
18

19       Defendant Sedgwick LLP ("Defendant") hereby answers causes of action one through fifteen of

20 Plaintiff Traci Ribeiro's ("Plaintiff") unverified California class action Complaint ("Complaint") as

21 follows but in doing so reserves its right to enforce the binding contract between Plaintiff (and those

22 members of the putative collective and class who are partners in the Firm) which expressly provides for

23 arbitration of all disputes of the type alleged in the Complaint:

24

25                              **ANSWER**

26       Pursuant to the provisions of California Code of Civil Procedure § 431.30(d), Defendant denies,

27 generally and specifically, each and every allegation, statement, matter and each purported cause of

28 action in Plaintiff's Complaint, and without limiting the generality of the foregoing, denies, generally

ELECTRONICALLY
**FILED**
*Superior Court of California,
County of San Francisco*

**08/09/2016**
**Clerk of the Court**
BY:NOELIA RIVERA
**Deputy Clerk**

1    and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by

2    reason of any acts or omissions of Defendant.  Defendant further denies that Plaintiff's claims are

3    appropriate for class or collective treatment.

## SEPARATE DEFENSES

5    In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses.

6    In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant

7    to law, are Plaintiff's burden to prove.

### FIRST SEPARATE DEFENSE
(Breach of Agreement to Arbitrate -- All Causes of Action)

10        1.     A contract between Plaintiff (and those members of the putative collective and class who

11   are partners in the Firm) and Defendant expressly provides for arbitration of all disputes of the type

12   alleged in the Complaint.  In addition, the agreement requires that the arbitrator determine arbitrability.

13   Plaintiff has failed to comply with the agreement to arbitrate, despite Defendant's demand that this

14   dispute be submitted to arbitration, and the agreement precludes this litigation. Defendant further

15   reserves the right to enforce the arbitration agreement and to file a petition to compel arbitration and a

16   motion to stay proceedings.

### SECOND SEPARATE DEFENSESECOND SEPARATE DEFENSE
(Plaintiff Not an Employee -- Second through Fifteenth Causes of Action)

19        2.     Plaintiff's claims are barred because she is not an employee within the meaning of Title

20   VII, the California Fair Pay Act, the Illinois Equal Pay Act, the Federal Equal Pay Act, or the Illinois

21   Human Rights Act.

### THIRD SEPARATE DEFENSE
(Failure to Exhaust Administrative Remedies -- Third through Fourth, and Seventh through Fifteenth
Causes of Action)

25        3.     Plaintiff and the members of any class or collective Plaintiff purports to represent have

26   failed to exhaust remedies available under the statutes alleged in the Complaint, and they are barred by

27   reason of their failure to comply with those statutes.

28

2

## FOURTH SEPARATE DEFENSE
(Scope of Administrative Charge -- Third through Fourth, and Seventh through Fifteenth Causes of Action)

4.     Plaintiff's Complaint contains allegations that do not appear in any timely and proper administrative charge filed by Plaintiff before commencing this lawsuit and thus cannot form the basis of any claim(s).

## FIFTH SEPARATE DEFENSE
(Failure to Timely File Administrative Charge -- Third through Fourth, and Seventh through Fifteenth Causes of Action)

5.     Plaintiff's claims are barred in whole or in part because she failed to file a proper charge with an appropriate administrative agency within the required legal deadlines.

## SIXTH SEPARATE DEFENSE
(Failure to State a Cause of Action -- All Causes of Action)

6.     The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to state a cause of action against Defendant.

## SEVENTH SEPARATE DEFENSE
(Standing -- Injunctive Relief Requested in Prayer)

7.     Plaintiff lacks standing both as an individual and as a putative class representative to bring claims for injunctive relief with regard to any claims she or putative class members should be/have been elected to equity partnership as she removed herself from equity partnership consideration and therefore is not a real party in interest.

## EIGHTH SEPARATE DEFENSE
(Standing -- Third, Fifth, Seventh, Ninth, Twelfth, and Fourteenth Causes of Action)

8.     Plaintiff lacks standing to bring claims in a representative capacity because she is not similarly situated to the class of persons she seeks to represent.

DEFENDANT SEDGWICK LLP'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

28372212v.4

### NINTH SEPARATE DEFENSE
(Another Action Pending -- First Cause of Action)

9.      When this Complaint was filed and at all times thereafter, an action has been pending in JAMS between Plaintiff and Defendant.  The Demand for Arbitration alleges a claim for declaratory relief as to the arbitrability of this matter.

### TENTH SEPARATE DEFENSE
(Prematurity -- First Cause of Action)

10.      Defendant has not yet sought to compel arbitration in this action. The judicial obligation to resolve controversies brought before the courts does not require adjudication of conjectural or premature matters that are not actual and present controversies.  Accordingly, this claim is premature, and the action should be abated as to this claim.

### ELEVENTH SEPARATE DEFENSE
(Statutes of Limitations -- All Causes of Action)

11.      The causes of action alleged in the Complaint are barred by the statutes of limitation prescribed by California Code of Civil Procedure sections 338, subdivision (b), 339 subdivision 1, and 343.

### TWELFTH SEPARATE DEFENSE
(Consent -- Second through Fifteenth Causes of Action)

12.      Plaintiff consented — indeed requested — not to be considered for equity partnership. Accordingly, Plaintiff is barred from pursuing this action the basis of which is the alleged failure of Defendant to elect her equity partner.

### THIRTEENTH SEPARATE DEFENSE
(Failure to Mitigate -- Second through Fifteenth Causes of Action)

13.      Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished or barred by reason thereof.  Such failings included (but are not limited to) Plaintiff's affirmative decision to remove herself from consideration for election to the equity partnership.

4

28372212v.4

### FOURTEENTH SEPARATE DEFENSE
(Unclean Hands -- Second through Fifteenth Causes of Action)

14.    As a result of the acts and omissions in the matters relevant to this Complaint, plaintiff has unclean hands to the extent that she breached her fiduciary duties under the Partnership Agreement and is therefore barred from asserting any claims against this Defendant.

### FIFTEENTH SEPARATE DEFENSE
(Waiver -- All Causes of Action)

15.    By conduct, representations and omissions, Plaintiff has waived, relinquished and/or abandoned, and is equitably estopped to assert, any claim for relief against this Defendant respecting the matters that are the subject of the Complaint.

### SIXTEENTH SEPARATE DEFENSE
(Lack of Consideration -- Second Cause of Action)

16.    Pursuant to 3 Cal. Affirmative Def. § 56:1 et seq. (2d ed.), Plaintiff is barred from recovering any damages or other relief because the Partnership Handbook is not an enforceable contract due to lack of consideration.

### SEVENTEENTH SEPARATE DEFENSE
(Failure of Consideration -- Second Cause of Action)

17.    Pursuant to 3 Cal. Affirmative Def. § 57:1 et seq. (2d ed.), Plaintiff is barred from recovering any damages or other relief because the Partnership Handbook is not an enforceable contract by reason of the failure of consideration that defeats the effectiveness of the purported contract between the parties. The Handbook is merely a summary of a selection of company policies.

### EIGHTEENTH SEPARATE DEFENSE
(Prevention of Performance -- Second Cause of Action)

18.    To the extent that the Partnership Handbook could be construed as a contract (which it cannot), Plaintiff is barred from bringing this cause of action to the extent her actions—for example, taking herself out of consideration for election to the equity partnership—frustrated any allegedly required performance on the part of Defendant. The Handbook is merely a summary of a selection of company policies.

DEFENDANT SEDGWICK LLP'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

28372212v.4

### NINETEENTH SEPARATE DEFENSE
(Modification of Contract -- Second Cause of Action)

19.     To the extent that the Partnership Handbook can be construed as a contract (which it cannot), the Second Cause of action is barred by reason of the provisions of Section 1698 of the California Civil Code governing the modification of contracts and the law relevant thereto. The alleged "contract" described in the Complaint, to the extent it exists, has been the subject of oral and written modifications agreed to by Plaintiff and Defendant, following which this Defendant has performed fully to the extent not prevented by Plaintiff. Accordingly, the original purported contract cannot form a basis for liability and the modified Handbook cannot support any liability on the part of Defendant. The Handbook is merely a summary of a selection of company policies.

### TWENTIETH SEPARATE DEFENSE
(Legitimate Non-discriminatory Factors -- Second through Fifteenth Causes of Action)

20.     Plaintiff may not obtain the relief requested in her Complaint because any allegedly adverse actions taken against her were based on legitimate, non-discriminatory and/or non-retaliatory factors and not any protected characteristic.

### TWENTY-FIRST SEPARATE DEFENSE
(Mixed Motive Bar to Monetary Recovery -- Second through Fourth,
and Ninth through Eleventh Causes of Action)

21.     To the extent that Plaintiff demonstrates her protected status was a substantial motivating factor for any challenged action (which is what not), Defendant would have taken the same action absent the substantial motivating factor. As a result, the court may not award Plaintiff damages, backpay, or order reinstatement. *Harris v. City of Santa Monica*, (2013) 56 Cal. 4th 203, 211.

### TWENTY-SECOND SEPARATE DEFENSE
(Business Necessity -- Second through Fifteenth Causes of Action)

22.     Any differences in job assignments, career progression, promotions, discipline, demotions, trainings, evaluations, and compensation, or any other policy, practice, or procedure allegedly used by Defendant, are lawful because they are job-related and consistent with business necessity.

6

### TWENTY-THIRD SEPARATE DEFENSE
Differential Treatment Based on Bona Fide Factors -- Second through Fifteenth Causes of Action)

23.     Plaintiff's and putative class members' claims are barred because any alleged differential treatment of Plaintiff and putative class members by Defendant, or the application of different standards of compensation, or different terms, conditions, or privileges of employment, was pursuant to a bona fide seniority or merit system, or a system which measures earnings by quantity or quality of production or which distinguishes between and among employees who work in different locations.

### TWENTY-FOURTH SEPARATE DEFENSE
(After Acquired Evidence -- Second through Fifteenth Causes of Action)

24.     Plaintiff's claims are barred to the extent she engaged in misconduct which would have justified any adverse action by Defendant even if Defendant were unaware of the conduct at the time it made such a decision.

### TWENTY-FIFTH SEPARATE DEFENSE
(Punitive Damages California Civil Code Section 3294 -- Second Through Fifteenth Causes of Action)

25.     Plaintiff has failed to state facts sufficient to entitle her to an award of punitive damages under California Civil Code section 3294, and any recovery of punitive damages or exemplary damages based on the facts alleged in Plaintiff's Complaint, if any, would violate the United States and California Constitutions.

### TWENTY-SIXTH SEPARATE DEFENSE
(Absence of Intentional Discrimination Precludes Punitive Damages -- Second Through Fifteenth Causes of Action)

26.     Defendant alleges that it has not engaged in intentional discrimination with respect to Plaintiffs and putative class members, and Defendant therefore cannot be liable for punitive or liquidated damages.

28372212v.4

### TWENTY-SEVENTH SEPARATE DEFENSE
(Workers Compensation Exclusivity -- Second through Fifteenth Causes of Action)

27.    To the extent that Plaintiff could be considered an employee (which she was not), her claims for purported emotional injuries allegedly suffered as a result of the conduct alleged against Defendant are barred in whole or in part because Plaintiff's sole and exclusive remedies, if any, lie under the California Workers' Compensation Act, Labor Code §§ 3601 et. seq.

## ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserve the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by her Complaint on file herein;

2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.    That Defendant be awarded reasonable attorneys' fees according to proof;

4.    That Defendant be awarded attorney fees and costs of suit incurred herein; and

5.    That Defendant be awarded such other and further relief as the Court may deem appropriate.

8

1    DATED: August 9, 2016                     Respectfully submitted,

2                                              SEYFARTH SHAW LLP

3

4                                              By:  _____

5                                                   Nick C. Geannacopulos
                                                    Emily Barker
6                                                   Attorneys for Defendant
                                                    SEDGWICK LLP
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          9
28372212v.4

1

**PROOF OF SERVICE**

2

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On August 10, 2016, I served the within document(s):

3

4

**DEFENDANT SEDGWICK LLP'S NOTICE OF REMOVAL OF CIVIL ACTION CIVIL COVER SHEET**

5

6

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

7

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

8

9

☒ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

10

11

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

12

13

☐ electronically by using the Court's ECF/CM System.

14

Sharon R. Vinick                 J. Bryan Wood (Pro Hac Vice)

15

Levy Vinick Burrell Hyams LLP     The Wood Law Office, LLC
180 Grand Ave., Ste 1300          303 W. Madison St., Ste 2650

16

Oakland, CA 94612               Chicago, IL 60606
Telephone: 510-318-7702          Telephone: 312-554-8600

17

sharon@levyvinick.com            bryan@jbryanwoodlaw.com
Plaintiff's Counsel                Plaintiff's Counsel

18

19

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

21

22

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25

    Executed on August 10, 2016, at San Francisco, California.

26

_____
Kathy J. Truesdale

27

28

2841 2264v.1