| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | SEYFARTH SHAW LLP<br>Nick C. Geannacopulos (SBN 114822)<br>ngeannacopulos@seyfarth.com<br>G. Daniel Newland (SBN 087965)<br>dnewland@seyfarth.com<br>Emily Barker (SBN 275166)<br>ebarker@seyfarth.com<br>560 Mission Street, 31st Floor<br>San Francisco, California 94105<br>Telephone:    (415) 397-2823<br>Facsimile:     (415) 397-8549<br><br>Attorneys for Defendant<br>SEDGWICK LLP |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI RIBEIRO, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>SEDGWICK LLP,<br><br>              Defendant. | Case No. 3:16-CV-4507 WHA<br><br>**REPLY IN SUPPORT OF DEFENDANT SEDGWICK LLP'S MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING CIVIL ACTION PENDING ARBITRATION**<br><br>*[Filed concurrently with Declarations of Bruce D. Celebrezze and Nick C. Geannacopulos; [Proposed] Order]*<br><br>Date:        October 13, 2016<br>Time:       8:00 am<br>Ctrm:       8, 19th Fl.<br><br>Trial Date: Not Set<br>Date Action Filed:  July 26, 2016 |

---

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY ACTION
BY DEFENDANT SEDGWICK LLP — CASE NO. 3:16-CV-4507 WHA

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL ARGUMENT ...................................................................................................... 2

    A.    **SEALED**

        ................................................................................................................................ 2

    B.    The Question of Whether Plaintiff is an Employee is for the Arbitrator, But the Indisputable Facts Demonstrate She is Not, Regardless. ....................................... 5

    C.    If Appropriately Before this Court and If Armendariz Applies, the Parties' Agreement is Nevertheless Enforceable as it Suffers No Procedural or Substantive Unconscionability. ........................................................................... 9

        1.    The Parties' Contract is Not a Contract of Adhesion and Suffers No Procedural Unconscionability as a Result. ............................................... 9

        2.    The Parties' Agreement is not Substantively Unconscionable ............. 10

            a.    **SEALED**

                ............. 10

            b.    **SEALED**

                ............................ 12

            c.    **SEALED**

                ...................................... 12

            d.    Plaintiff's Only Argument Against the Adequacy of the Tribunal is Similarly Premised **SEALED** and is Similarly Flawed. ............................................................ 13

            e.    **SEALED**

                —She Has Not. .................................................................. 13

        3.    The Matters to Be Litigated Here Clearly Fall within the Scope of the Arbitration Provision. ............................................................................ 14

            a.    The Handbook Does Not Create a Contract Between the Parties and is Irrelevant Regardless. ................................................... 14

III. CONCLUSION ............................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anderson v. Pitney Bowes, Inc.*,
  No. 04–4808–SBA, 2005 WL 1048700 (N.D.Cal. May 4, 2005) ........................................................3

*Burke v. Friedman*,
  556 F.2d 867 (7th Cir. 1977) ...........................................................................................................7

*Clarium Capital Mgmt. LLC v. Choudhury*,
  No. 08–5157–SBA, 2009 WL 331588 (N.D.Cal. Feb. 11, 2009) ......................................................3

*Fountain v. Metcalf, Zima & Co., P.A.*,
  925 F.2d 1398 (11th Cir. 1991) .......................................................................................................7

*Kimble v. Rhodes Coll., Inc.*,
  No. 10–5786–EMC, 2011 WL 2175249 (N.D.Cal. June 2, 2011) ....................................................3

*Lara v. Onsite Health, Inc.*,
  896 F.Supp.2d 831 (N.D.Cal. 2012) ...............................................................................................13

*Mohamed v. Uber Techs., Inc.*,
  ___F.3d___, *slip op.,* No. 15-16178, 2016 WL 4651409 (9th Cir. Sept. 7, 2016) .........................11

*Panepucci v. Honigman Miller Schwartz & Cohn LLP*,
  281 F. App'x 482 (6th Cir. 2008) ................................................................................................8, 14

*Panepucci v. Honigman Miller Schwartz & Cohn, LLP*,
  408 F.Supp.2d 374 (E.D.Mich. 2005) ...........................................................................................7, 8

*Qualcomm Inc. v. Nokia Corp.*,
  466 F.3d 1366 (Fed.Cir. 2006) ........................................................................................................5

*Serapion v. Martinez*,
  119 F.3d 982 (1st Cir. 1997) ............................................................................................................7

*Strother v. S. Cal. Permanente Med. Group*,
  79 F.3d 859 (9th Cir. 1996) .............................................................................................................7

*Visa USA, Inc. v. Maritz, Inc.*,
  No. 07–05585–JSW, 2008 WL 744832 (N.D.Cal. Mar. 18, 2008) ..................................................3

*Wheeler v. Hurdman*,
  825 F.2d 257 (10th Cir. 1987), cert. denied, 484 U.S. 986 (1987) .................................................7

*Zenelaj v. Handybook Inc.*,
  82 F.Supp.3d 968 (N.D.Cal. 2015) ..........................................................................................3, 4, 5

**State Cases**

*Arguelles-Romero v. Superior Court*,
  184 Cal.App.4th 825 (2010) .......................................................................................................8, 10

*Armendariz v. Foundation Health Psychcare Svcs., Inc.*,
    24 Cal.4th 83 (2000) ..........................................................................................................10, 12

*Dream Theater, Inc. v. Dream Theater*,
    124 Cal.App.4th 547 (2004) ..........................................................................................................3

*National City Police Officers' Assn. v. City of National City*,
    87 Cal.App.4th 1274 (2001) .........................................................................................................6

*Pearson Dental Supplies, Inc. v. Superior Court*,
    48 Cal. 4th 665 (2010) ..........................................................................................................12, 13

*Podolsky v. First Healthcare Corp.*,
    50 Cal.App.4th 632 (1996) ........................................................................................................14

*Rodriguez v. American Technologies, Inc.*,
    136 Cal.App.4th 1110 (2006) ......................................................................................................3

*Starzynski v. Capital Public Radio*,
    88 Cal.App.4th 33 (2001) ..........................................................................................................15

*Tiri v. Lucky Chances, Inc.*,
    226 Cal.App.4th 231 (2014) ........................................................................................................3

**State Statutes**

Cal. Code Civ. Proc. § 1281.12 ......................................................................................................12

**Rules**

JAMS Rule 11............................................................................................................................4

**Other Authorities**

California Civil Jury Instructions 302.........................................................................................14

## I. INTRODUCTION

Plaintiff's brief is a study in "hide the ball" legal practice — it conveniently ignores on-point legal precedent while obfuscating the underlying facts.  **SEALED**

Thus, this Court's analysis is limited to whether Sedgwick LLP's claim for arbitration is "wholly groundless."  It is not.  **SEALED**

The gravamen of Plaintiff's complaint is that she, as a partner in the firm, was unfairly compensated and not elected to the equity partnership.  **SEALED**

Because the questions of whether Plaintiff is an "employee" and, if so, **SEALED**, any analysis is premature.  That said, Plaintiff is indisputably not an employee subject to the whims of an employer — despite her attempts to construct a tale to the contrary.  Plaintiff is a **SEALED** <u>partner</u> in Sedgwick with valuable voting rights not afforded to employees.  Her self-serving portrayal as a frail powerless pushover is belied by the representations she has made to her fellow partners and clients for years, that she is an insightful, strong, tough litigator ready to advance the client's interests.  Plaintiff's control over her own destiny is shown by the leaps and bounds she has made since arriving at the firm.  **SEALED**

---

[1] **SEALED**

**SEALED**

Plaintiff is a sophisticated and experienced attorney who wanted to be a partner at Sedgwick, accepted the firm's offer of partnership nearly five years ago, and thereafter has consistently participated in and enjoyed all of the rights and privileges of partnership in the firm under the Partnership Agreement. Her complaints regarding the Partnership Agreement she signed twice – once nearly five years ago and again four years ago – after receiving all of the benefits of partnership, and never before uttering any concerns whatsoever about the Partnership Agreement, ring hollow. If she was not satisfied with the Partnership Agreement, she had multiple opportunities to raise her concerns with firm leadership or to withdraw from the partnership and join another law firm. She did neither.

Plaintiff is not a naif who was coerced into signing the Partnership Agreement she now seeks to disclaim. She was free to accept or decline Sedgwick's offer of partnership at any time, before or after reviewing the Partnership Agreement, just as she was free to withdraw from the partnership at any time. Yet, until now, not surprisingly, **SEALED**, she was perfectly happy to accept all of the benefits which flowed from being a Sedgwick partner.

In sum, Plaintiff's assent to the Partnership Agreement's terms was not given under duress; rather it was for the parties' mutual benefit. Plaintiff has reaped significant rewards derivative from her affiliation with the Sedgwick partnership. As will be shown, her protestations to the contrary are wholly disingenuous.

## II. LEGAL ARGUMENT

### A. **SEALED**

Plaintiff's brief focuses on the sequential order regarding a decision on this motion. This is odd, as Sedgwick agrees with Plaintiff as to the order of operations. She states correctly that the first step is

---

[2] **SEALED**

2

1  "analyzing whether a valid agreement exists." (Pl. Opp. at 7:10). Where the parties — and legal

2  authority — diverge is on the question of which entity should make this determination.

3      Absent agreement, this question would generally be left to the Court. But as with any term in an

4  arbitration agreement, the parties can contract around this default principle **SEALED**    . *See,*

5  *e.g., Zenelaj v. Handybook Inc.*, 82 F.Supp.3d 968, 973 (N.D.Cal. 2015) (finding parties had clearly and

6  unmistakably agreed to have the arbitrator determine the gateway question of unconscionability where

7  the agreement incorporated the AAA Rules); *Tiri v. Lucky Chances, Inc.*, 226 Cal.App.4th 231, 241

8  (2014) ("[p]arties to an arbitration agreement may agree to delegate to the arbitrator, instead of a court,

9  questions regarding the enforceability of the agreement."); *Kimble v. Rhodes Coll., Inc.*, No. 10–5786–

10 EMC, 2011 WL 2175249, at *2–4 (N.D.Cal. June 2, 2011) (finding that reference to the AAA Rules

11 manifests "clear and unmistakable evidence of the parties' agreement to arbitrate arbitrability"); *Clarium*

12 *Capital Mgmt. LLC v. Choudhury*, No. 08–5157–SBA, 2009 WL 331588, at *5 (N.D.Cal. Feb. 11, 2009)

13 ("When the arbitration agreement explicitly incorporate[s] rules that empower an arbitrator to decide

14 issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent

15 to delegate such issues to an arbitrator."); *Visa USA, Inc. v. Maritz, Inc.*, No. 07–05585–JSW, 2008 WL

16 744832 (N.D.Cal. Mar. 18, 2008) (holding the same); *Anderson v. Pitney Bowes, Inc.*, No. 04–4808–

17 SBA, 2005 WL 1048700, at *2–4 (N.D.Cal. May 4, 2005) (same); *Rodriguez v. American Technologies,*

18 *Inc.*, 136 Cal.App.4th 1110, 1123 (2006); *Dream Theater, Inc. v. Dream Theater,* 124 Cal.App.4th 547,

19 550 (2004).

20     Plaintiff simply ignores the controlling authority regarding the parties' ability to contractually

21 agree to have these gateway issues decided by the arbitrator and presumes this Court will not look under

22 the hood. *Zenelaj v. Handybook,* 82 F.Supp.3d 968 (N.D.Cal. 2015), sets forth the guiding principles

23 applicable to this matter. The plaintiffs there were independent cleaning professionals who used the

24 defendant's platform to connect with customers. *Id*. at 970. They filed a class action claiming

25 misclassification as independent contractors and the defendant sought to compel arbitration. *Id*. The

26 plaintiffs argued that the arbitration provision of their contract with defendant was unconscionable and,

27 further, that their claims for misclassification were not covered as they did not "relate to" the agreement.

28 *Id*. at 971. The defendant countered that the "Court cannot decide whether the arbitration provision in

this case is unconscionable or applicable, because the arbitration provision delegates those threshold issues to an arbitrator." *Id*. Specifically, it argued that the parties "'clearly and unmistakably' agreed to allow an arbitrator to decide the arbitration provision's validity, scope, and application, because the arbitration provision expressly incorporates the AAA Commercial Arbitration Rules" which delegate "all jurisdictional questions, including arbitrability and validity, to the arbitrator." *Id.* The court agreed, noting that "the overwhelming consensus of other circuits, as well as the vast majority of decisions in [the Northern] district [of California] support Defendant's claim that . . . incorporation of the AAA Rules effectively delegates jurisdictional questions, including arbitrability and **validity** to the arbitrator." *Id*. at 972 (Emphasis added).

**SEALED**

**SEALED**

What is more, the incorporation of the JAMS rules definitively closes the issue. Rule 11 of the JAMS Comprehensive Rules reads clearly and unmistakably:

> Jurisdictional and arbitrability disputes, including disputes over the **formation**, existence, **validity**, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, **shall** be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter. JAMS Rule 11 (Emphases added).[3]

---

[3] While JAMS has since decided the matter should be heard under the Employment Arbitration Rules, it makes no difference. The Employment Arbitration Rules, Rule 11 contains identical delegation language.

4

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY ACTION
BY DEFENDANT SEDGWICK LLP — CASE NO. 3:16-CV-4507 WHA

"In cases where the parties clearly and unmistakably intend to delegate the power to decide arbitrability to an arbitrator, **a court's inquiry is limited** to whether the assertion of arbitrability is wholly groundless." *Id*. at 975 (internal quotations omitted; emphasis added); *see also Qualcomm Inc. v. Nokia Corp*., 466 F.3d 1366, 1371 (Fed.Cir. 2006) (applying Ninth Circuit law).  In applying this "wholly groundless" analysis, the *Zenelaj* court compared the plaintiffs' claims with the topics the agreement containing the arbitration agreement purported to cover. *Zenelaj*, 82 F.Supp.3d at 975.  It determined that their misclassification claims did indeed relate to the agreement for a number of reasons. It noted that, for example, the misclassification claims related to "the money [the plaintiffs] earned or were entitled to for the cleaning services they offered through Defendant's platform" — and the agreement containing the arbitration provision dealt with how plaintiffs would be paid. *Id*.  Further, it determined that "much of the evidence that will be considered to determine whether Plaintiffs were properly classified as independent contractors is found in the provisions of the contract." *Id*.

Similarly here, Plaintiff's claims are inextricably intertwined with the agreement to arbitrate. The gravamen of her complaint is that she, as a partner in the firm, was unfairly compensated and denied election to the equity partnership.  **SEALED**

As such, this matter must be referred to the arbitrator for any determination as to arbitrability — including validity and scope.

### B.  The Question of Whether Plaintiff is an Employee is for the Arbitrator, But the Indisputable Facts Demonstrate She is Not, Regardless.

While Plaintiff contorts the facts to push her agenda that, **SEALED**

, she somehow remains an employee, the reality is otherwise.  **SEALED**

1  **SEALED**

2

3

4

5

6

7

8        **SEALED**

9

10

11

12

13

14

15

16

17

18

19        It is utterly cynical for Plaintiff to suggest otherwise.  **SEALED**

20

21

22

23

24

25                        More recently, she even put forth a candidate for non-equity partner.  (*Id*. at  ¶ 8)

26  **SEALED**

27

28

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY ACTION
BY DEFENDANT SEDGWICK LLP — CASE NO. 3:16-CV-4507 WHA

1  **SEALED**  Such quisling is more than disconcerting for a member of any bar, especially one
2  seeking to represent a putative class, and a lawyer who owes fiduciary duties to her fellow partners.
3  **SEALED**

10  Courts in similar cases have rightly found that partners such as Plaintiff are not employees for
11  the purposes of bringing the claims she asserts here.  *See e.g.*, *Serapion v. Martinez,* 119 F.3d 982, 992
12  (1st Cir. 1997) (finding a law firm partner was not an employee entitled to bring suit under Title VII
13  where "her compensation depended substantially on the Firm's fortunes" and "she enjoyed significant
14  voting rights in the Firm's two principal governing bodies."); *Wheeler v. Hurdman,* 825 F.2d 257, 260
15  (10th Cir. 1987), cert. denied, 484 U.S. 986 (1987) (holding partner was not "employee" entitled to
16  bring suit under Title VII, Age Discrimination in Employment Act, or Equal Pay Act and doing so in
17  part because the plaintiff's compensation changed from salary to a draw that incorporated profits and
18  losses in its calculation); *accord, Fountain v. Metcalf, Zima & Co., P.A.*, 925 F.2d 1398, 1401 (11th Cir.
19  1991)*; see also*, *Burke v. Friedman*, 556 F.2d 867 (7th Cir. 1977) (partners of accounting firm not
20  employees for purpose of Title VII).
21  Plaintiff cites three cases in contending that she should be found an employee:  the first, *Strother*
22  *v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 867-68 (9th Cir. 1996), simply states the truism that the
23  deciding body must analyze the true relationship among partners to determine whether they are
24  employees.  (Pl. Opp. at 9:3-4).  The second, *Panepucci v. Honigman Miller Schwartz & Cohn, LLP*,
25  408 F.Supp.2d 374, 377-78 (E.D.Mich. 2005), denied the law firm's motion to dismiss *without*
26  *prejudice*, noting that "evidence weighs in part toward a finding that plaintiff is an employee, and in part
27  that she had the real ability to exercise control over the organization" and stating such a motion would

be better decided after additional fact discovery. *Id*. at 377.[4]  The final case Plaintiff cites provides no further assistance.  It merely articulates one test for determination of whether the plaintiff is an employee:

> [C]ourts have… established a three-part economic realities test consisting of at least the following factors: (1) the extent of an individual's ability to control and operate the business as evidenced by participation in policy decisions; (2) the extent to which an individual's compensation is based on a percentage of business profits; and (3) the extent of employment security enjoyed by the individual.  *Rosenblatt v. Bivona & Cohen, P.C.*, 969 F. Supp. 207, 215 (S.D.N.Y. 1997).

After noting this test the court explained: "**Both parties agree that plaintiff's employment was at-will**, thereby precluding his classification as a non-employee partner." *Id*.

**SEALED**


Even members of the United States Supreme Court have counseled against deeming a law firm partner an employee in instances such as the current matter:

> The Court's opinion should not be read as extending Title VII to the management of a law firm by its partners. The reasoning of the Court's opinion does not require that the relationship among partners be characterized as an "employment" relationship to which Title VII would apply. The relationship among law partners differs markedly from that between employer and employee—including that between the partnership and its associates. The judgmental and sensitive decisions that must be made among the partners embrace a wide range of subjects. The essence of the law partnership is the common conduct of a shared enterprise. The relationship among law partners contemplates that decisions important to the partnership normally will be made by common agreement. *Hishon v. King & Spalding*, 467 U.S. 69, 79–80, (1984) (J. Powell, concurring).

**SEALED**

Regardless, it is Plaintiff's burden to show the ADR Provision here is unenforceable, and, if her claim of unenforceability rests on her asserted "employee" status, proof of such status is her burden as well. *Arguelles-Romero v. Superior Court,* 184 Cal.App.4th 825, 836 (2010) ("The party opposing

---

[4] Plaintiff also fails to note that, later in that case's history, the trial court granted the law firm's motion to compel arbitration of the plaintiff's discrimination claims.  This decision was upheld by the Sixth Circuit on the ground that the plaintiff's assertion of "claims of inequitable compensation meted out on a discriminatory basis, 'relate[d] to' the Partnership Agreement, which sets forth the method of compensation for percentage partners." *Panepucci v. Honigman Miller Schwartz & Cohn LLP*, 281 F. App'x 482, 485 (6th Cir. 2008).

1  arbitration has the burden of proving that the arbitration provision is unconscionable."). She has failed
2  to meet that burden here.

      C.    **If Appropriately Before this Court and If *Armendariz* Applies, the Parties' Agreement is Nevertheless Enforceable as it Suffers No Procedural or Substantive Unconscionability.**

           1.    **The Parties' Contract is Not a Contract of Adhesion and Suffers No Procedural Unconscionability as a Result.**

7        The "facts" Plaintiff musters to claim that the ADR Provision is adhesive are manufactured. She
8  has presented no evidence, nor any foundation for a claim that the arbitration provision in the
9  Partnership Agreement was presented on a take it or leave it basis. She never claims to have attempted
10 to negotiate the contract. She does not claim to know if others have. Further, Plaintiff did not sign the
11 agreement under the sword of Damocles. She was given ample time to review the contract **both** times
12 she signed it. And, despite her intimations to the contrary, Plaintiff could have remained a Sedgwick
13 contract partner without signing the Partnership Agreement. **SEALED**

16       Sedgwick has many long term contract partners, one going on 5 years
17 with the firm and non-mutual separations are extremely rare. (Celebrezze Reply Decl., ¶ 2). In fact,
18 between January 1, 2012 and the present there have been 18 contract partner separations, and **only one**
19 was non-mutual. (*Id.*) Further, this single, non-mutual separation was not due to any refusal on the part
20 of the contract attorney to sign the Partnership Agreement. (*Id.*) Plaintiff's purported Hobson's Choice
21 between signing the contract and "losing her job" (Pl. Opp. at 12:25) is simply untrue. (*See* Celebrezze
22 Reply Decl., ¶ 2). Her claim that she had to sign the amendment to the agreement or forgo
23 compensation is also untrue. There was no exploding offer, and no impending time limit on Plaintiff's
24 signature of the amendment. (Celebrezze Reply Decl., ¶ 10). To the contrary, Plaintiff describes in
25 detail how she waited months to sign the Partnership Agreement the first time around. (Ribeiro Decl. ¶¶
26 21; *see id.* at ¶ 22 ("Between the time I was selected for Non-Equity Partner in November 2011 and
27 when I signed the acknowledgment form on February 7, 2012 . . . .")). As for the amendment itself,
28 Plaintiff chose to sign it in early December, knowing her additional compensation would be paid in

9

roughly 2 weeks.  (Ribeiro Decl. ¶ 18) **SEALED**

*id*. at Exh. B §IX(A)(c)).  Had she desired to, she could have waited to sign or refused to sign the agreement until after that compensation was paid. At least eight partners did not sign the amendment until January 2013.  (Celebrezze Reply Decl., ¶ 10). There simply was none of the manufactured duress Plaintiff's brief works so hard to create.

### 2. The Parties' Agreement is not Substantively Unconscionable

As shown above, Plaintiff has failed to meet her burden to show that the arbitration agreement was a contract of adhesion.  Because there is no indicia of procedural unconscionability, the analysis ends.  *Armendariz v. Foundation Health Psychcare Svcs., Inc.*, 24 Cal.4th 83, 114 (2000) (to be rendered unenforceable, an agreement must be *both* procedurally and substantively unconscionable); *accord, Arguelles-Romero v. Superior Court,* 184 Cal.App.4th 825, 837 (2010).

Even were the agreement adhesive, the degree of procedural unconscionability would be very low under these circumstances.

> [Plaintiff] is not an uneducated, low-wage employee without the ability to understand that [s]he was agreeing to arbitration. [Sh]e was the opposite—a highly educated attorney, who knowingly entered into a contract containing an arbitration provision in exchange for a generous compensation and benefits package. In such circumstances, the courts have found a minimum degree of procedural unconscionability.  *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 981 (2010).

"Because the degree of procedural unconscionability is minimal, the agreement is unenforceable only if the degree of substantive unconscionability is high."  *Id*. at 982.

      **a.**    **SEALED**

**SEALED**

Plaintiff attempts to argue that no such agreement was reached by citing to earlier discussions regarding modifications:  to wit, emails sent by Plaintiff on May 4, 2016 (Wood Decl. ¶ 16) and a

10

1  response from Sedgwick on May 11, 2016 (Wood Decl. ¶ 17).  This is completely disingenuous.

2  **SEALED**

12      **SEALED**

23                    *Mohamed v. Uber Techs., Inc.*, ___F.3d___, *slip op.,* No. 15-16178, 2016
24  WL 4651409, at *7 (9th Cir. Sept. 7, 2016) (where arbitration provision provides for cost sharing, but
25  employer agrees to pay the costs after-the-fact, employees are able to effectively vindicate their statutory
26  rights).

      **b.**    **SEALED**

  **SEALED**

In California, such a limitation is fully enforceable. Parties are "permitted to agree to something less than the full panoply of discovery provided in Code of Civil Procedure section 1283.05." *Armendariz*, 24 Cal.4th at 106. Indeed, "a limitation on discovery is one important component of the 'simplicity, informality, and expedition of arbitration.'" *Id*. at 106 n.11, quoting *Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20, 31 (1991)).

  **SEALED**

While Plaintiff now tries to recharacterize Sedgwick's acceptance of her offer as the offer itself, her attempt is unavailing. She has failed to meet her burden here to show the discovery provisions with and without the modifications are unenforceable under California law.

      **c.**    **SEALED**

Plaintiff has filed counterclaims in the JAMS arbitration covering the claims brought in the instant civil action. (Wood Decl. Exh. G). **SEALED**

Furthermore, in California, commencing a civil action tolls any statute of limitations in an arbitration agreement "from the date the civil action is commenced until 30 days after a final determination by the court that the party is required to arbitrate the controversy, or 30 days after the final termination of the civil action that was commenced and initiated the tolling, whichever date occurs first." Cal. Code Civ. Proc. § 1281.12; *see Pearson Dental Supplies, Inc. v. Superior Court*, 48 Cal. 4th 665, 673 (2010). These are similarly tolled while the charge of discrimination is pending. *Id*.

Accordingly Plaintiff has failed to meet her burden to show the high degree of substantive unconscionability required for this Court to ignore their agreement. **SEALED**

1 **SEALED**, the appropriate remedy is for it to be stricken. *Lara v. Onsite Health, Inc.,* 896 F.Supp.2d 831, 848 (N.D.Cal. 2012).

### d. Plaintiff's Only Argument Against the Adequacy of the Tribunal is Similarly Premised **SEALED** and is Similarly Flawed.

Because of the tolling described above, **SEALED**

This issue is therefore moot.

Plaintiff piles on to her statute of limitation argument with a parade of horribles — **SEALED** Again, because of the tolling statutes **SEALED**, this is not a realistic outcome. Further, it is questionable whether such a waiver is even a violation of federal or California law. *Pearson Dental Supplies, Inc.*, 48 Cal.4th at 681. Finally, "[e]ven assuming an arbitration clause purporting to override the statutory jurisdiction of an administrative adjudicator would violate California law, state law would be preempted when applied to an arbitration agreement covered by the Federal Arbitration Act." *Id*. Accordingly, Plaintiff has failed to meet her burden and the Parties' agreement must be enforced.

### e. **SEALED** She Has Not.

**SEALED**

This argument has no merit.

3.   **The Matters to Be Litigated Here Clearly Fall within the Scope of the Arbitration Provision.**

**SEALED**

The gravamen of Plaintiff's complaint is that she, as a partner in the firm, was unfairly compensated and was not elected to the equity partnership. **SEALED**

As articulated succinctly in a sister circuit, Plaintiff's "claims of inequitable compensation meted out on a discriminatory basis, 'relate to' the Partnership Agreement, which sets forth the method of compensation for [non-equity] partners." *Panepucci v. Honigman Miller Schwartz & Cohn LLP,* 281 F. App'x 482, 485 (6th Cir. 2008). Accordingly, Plaintiff has failed to meet her burden to show her claims in this action are not in any way connected to matters set forth in the Partnership Agreement.

a.   **The Handbook Does Not Create a Contract Between the Parties and is Irrelevant Regardless**.

To make out a prima facie case of contract formation, Plaintiff must show:

1. That the contract terms were clear enough that the parties could understand what each was required to do;

2. That the parties agreed to give each other something of value; and

3. That the parties agreed to the terms of the contract.

California Civil Jury Instructions 302.

Plaintiff fails to even attempt such a showing with regard to the Partner Handbook and so fails in her burden here. Further, as it relates to her claim that her employment discrimination and equal pay claims, such an argument cannot be made. A party cannot contract to do what it is already required to do under the law. This is because offering to do what one is legally required to do has no value; there is no consideration. *See, e.g., Podolsky v. First Healthcare Corp.*, 50 Cal.App.4th 632, 655 (1996), as modified (Nov. 5, 1996), as modified (Nov. 20, 1996). Likewise, the Partnership Agreement is an express contract and Plaintiff assented to its terms not once, but twice. "[T]here cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different

results.  The express term is controlling . . . ." *Starzynski v. Capital Public Radio*, 88 Cal.App.4th 33, 37-39 (2001).  **SEALED**

Accordingly, Plaintiff has failed to meet her burden here.

### III.     CONCLUSION

For the foregoing reasons, defendant Sedgwick LLP respectfully requests that the Court order partner Traci Ribeiro to comply with the ADR Provision of the Partnership Agreement she executed – and whose benefits she has enjoyed for nearly five years – and arbitrate her claims based on allegedly discriminatory compensation and failure to be elected to equity partnership.  **SEALED**

Sedgwick further requests that the Court stay the instant action pending completion of the arbitration.

DATED: September 27, 2016                    SEYFARTH SHAW LLP

By:  /s/ *Nick C. Geannacopulos*
      Nick C. Geannacopulos
      G. Daniel Newland
      Emily Barker
   Attorneys for Defendant
   SEDGWICK LLP

35075013v.1