SHARON R. VINICK (State Bar No. 129914)
LEVY VINICK BURRELL HYAMS LLP
180 Grand Avenue, Suite 1300
Oakland, California 94612
Direct: 510-318-7702
Main: 510-318-7700
Fax: 510-318-7701
sharon@levyvinick.com

J. BRYAN WOOD (Bar No. IL6270845)
THE WOOD LAW OFFICE, LLC
303 W. Madison St., Suite 2650
Chicago, Illinois 60606
Main: (312) 554-8600
Fax: (312)-577-0749
Admitted to Practice Pro Hac Vice
bryan@jbryanwoodlaw.com

Attorneys for Plaintiff Traci Ribeiro

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRACI RIBEIRO, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF,<br>v.<br><br>SEDGWICK LLP,<br><br>DEFENDANT. | Case No. 3:16-cv-04507-WHA<br><br>**PLAINTIFF'S NOTICE OF WITHDRAWAL OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND OPPOSITION TO DEFENDANT'S MOTIONS TO SEAL**<br><br>Hearing Date:<br>Time:<br>Courtroom: 8, 19th Floor<br>Judge: The Hon. William H. Alsup<br><br>Trial Date: N/A<br>Date Action Filed: 07/26/2016 |

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rule 7-7, Plaintiff Traci Ribeiro

1

**PLAINTIFF'S NOTICE OF WITHDRAWAL OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND OPPOSITION TO DEFENDANT'S MOTIONS TO SEAL -
Case 3:16-04507 WHA**

("Plaintiff"), by and through her attorneys of record, hereby withdraws her unopposed Administrative Motion (Dkt. 16) seeking the sealing of portions of (1) Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant Sedgwick LLP's Motion for an Order Compelling Arbitration and Staying Civil Action Pending Arbitration; exhibits thereto; (2) the Declaration of J. Bryan Wood in Support of Plaintiff's Opposition to Defendant Sedgwick LLP's Motion to Compel Arbitration and Stay Proceedings and exhibits thereto, and (3) the Declaration of Traci Ribeiro in Support of Plaintiff's Opposition to Defendant Sedgwick LLP's Motion to Compel Arbitration and Stay Proceedings and exhibits thereto. Plaintiff also seeks leave to oppose the administrative motions of Defendant Sedgwick LLP ("Defendant") requesting to file materials under seal. (Dkt. 10 and 19). Only Plaintiff's confidential information about Plaintiff's compensation should be sealed.

## I. ARGUMENT

### A. Plaintiff Withdraws Her Motion To Seal Based On Defendant's Waiver.

As explained therein, Plaintiff filed her Administrative Motion (Dkt. 19) solely because counsel for Defendant claimed the materials were proprietary and confidential and implied that action would be taken against Plaintiff if she did not herself request the materials be sealed. (Dkt. 20). However, as the Transcript of the October 13, 2016 hearing on Defendant's Motion to Compel Arbitration shows, Defendant's counsel discussed in open court the information and terms of the Partnership Agreement and other information Defendant had demanded Plaintiff maintain as confidential and request to be filed under seal. (Dkt. 25). Defendant – through its counsel – acted contrary to any claim of confidentiality as to its Partnership Agreement and other information it claims was confidential, effectively waiving confidentiality. In light of Defendant's actions, Plaintiff requests to withdraw her Administrative Motion to Seal. (Dkt. 16).

### B. Defendant's Motions To Seal Should Be Denied Based On Defendant's Waiver, Except For Plaintiff's Confidential Compensation Information.

Further, Plaintiff also opposes Defendant's Administrative Motion to File Under Seal materials submitted for its original motion to compel Defendant's Administrative Motion to File

2

---

**PLAINTIFF'S NOTICE OF WITHDRAWAL OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND OPPOSITION TO DEFENDANT'S MOTIONS TO SEAL -
Case 3:16-04507 WHA**

1  Under Seal materials submitted in reply. (Dkt. 10 and 19, respectively). Plaintiff initially did not
2  oppose those motions based on her fears of retaliation, as discussed above. In light of
3  Defendant's conduct effectively waiving confidentiality over the information in the motion,
4  Plaintiff can now explain her position on Defendant's motions. First, Defendant's conduct of
5  disclosing purportedly confidential information in open court mandates denial of Defendant's
6  motions.
7  Second, prior to waiving its claim of confidentiality by discussing purportedly
8  confidential information in open Court, Sedgwick set forth only generalized, conclusory
9  statements without particularity and without any compelling reason as to why each and every
10 statement, reference, section, or document sought to be sealed is actually "privileged, protectable
11 as a trade secret, or otherwise entitled to protection under the law." N.D. Cal. Civil L.R. 79-5(b).
12 Thus, regardless of wavier, the Court is left without the specific "factual basis for its ruling,
13 without relying on hypothesis or conjecture." *Kamakana v. City & County of Honolulu*, 447
14 F.3d 1172, 1179-1180 (9th Cir. 2006) (internal quotation omitted); *see also Lane v. Wells Fargo*
15 *Bank, N.A.,* No. C 12-04026-WHA, 2013 U.S. Dist. LEXIS 82065 (N.D. Cal. 2013) (Opinion by
16 J. Alsup) (motion to seal denied, in part, where based only on generalizations or conclusory
17 statements "too general or nonspecific to warrant sealing").
18 "An unsupported assertion of 'unfair advantage' to competitors without explaining 'how
19 a competitor would use th[e] information to obtain an unfair advantage' is insufficient."
20 *Hodges v. Apple, Inc.*, No. C 13-cv-01128-WHO, 2013 U.S. Dist. LEXIS 164674, *4-*5 (N.D.
21 Cal. 2013) (internal quotation omitted); s*ee also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d
22 470, 476 (9th Cir. 1992) ("broad allegations of harm, unsubstantiated by specific examples or
23 articulated reasoning" cannot meet even the lower "good cause" standard); *Lane*, 2013 U.S. Dist.
24 LEXIS 82065 at *7 (denial of sealing of specific information where information itself "not
25 sufficiently detailed to be likely to result in competitive harm … and not established with
26 sufficient particularity that any portion constitutes information that is privileged or
27 //
28

3

protectable."). Applying these standards, Defendant's initial administrative motion should be denied in its entirety. (Dkt. 10).

The only portions of the record which Plaintiff *agrees* should be sealed relate to Plaintiff's compensation appearing at Defendant's Reply Brief in Support of Defendant's Motion to Compel Arbitration at 1:14, 1:19-2:3, 2:15, and 2:27-28 (footnote 2) and in the Declaration of Celebrezze in Support of Reply to Motion to Compel Arbitration at 2:11 and 2:22-3:3. Confidential information about Plaintiff's compensation should be sealed to protect Defendant's and Plaintiff's privacy interests *See, e.g., United States ex rel. Lockyer v. Hawaii Pacific Health*, No. 04-00596 ACK-LEK, 2007 U.S. Dist. LEXIS 2303, at *3 (D. Haw. Jan. 10, 2007) ("Plaintiff's privacy interests can be adequately protected by redacting the salary figures").[1]

## II. CONCLUSION

WHEREFORE, Plaintiff hereby withdraws her Administrative Motion (Dkt. 16) and opposes Defendant's Administrative Motions (Dkt. 10 and 19), except for Plaintiff's confidential compensation information, as set forth herein. Plaintiff respectfully requests that the Court deny Defendant's Administrative Motions (Dkt. 10 and 19), except as to Plaintiff's compensation appearing at Defendant's Reply Brief in Support of Defendant's Motion to Compel Arbitration at 1:14, 1:19-2:3, 2:15, and 2:27-28 (footnote 2) and in the Declaration of Celebrezze in Support of Reply to Motion to Compel Arbitration at 2:11 and 2:22-3:3.

                                                                   Respectfully submitted,

Dated: November 2, 2016           THE WOOD LAW OFFICE, LLC

                                                       /s/J. Bryan Wood
                                    By: _____
                                         J. BRYAN WOOD

(SIGNATURES CONTINUE ON SUCCEEDING PAGE)

---

[1] This information should not only be sealed because it is confidential personal information, but it is also incorrect and misleading. Defendant compares Plaintiff's compensation to other equity partners' K-1s in its Reply at 2:27-28. But Plaintiff's 2015 K-1 reflects a substantially lower amount of compensation than Defendant describes in Celebrezze's declaration at 2:24. Plaintiff's K-1 also makes clear she does not share in profits and losses (contrary to Defendant's arguments).

4

Dated: November 2, 2016             LEVY VINICK BURRELL HYAMS LLP

                                              /s/ Sharon R. Vinick
                                    By: _____
                                         SHARON R. VINICK,
                                    Attorneys for Plaintiff TRACI RIBEIRO

5

**PLAINTIFF'S NOTICE OF WITHDRAWAL OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND OPPOSITION TO DEFENDANT'S MOTIONS TO SEAL -
Case 3:16-04507 WHA**

# CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

I am over the age of 18 years and not a party to the within entitled action; my business address is 303 W. Madison St., Ste. 2650, Chicago IL 60606.

On November 2, 2016, I served the foregoing document, described as **PLAINTIFF'S NOTICE OF WITHDRAWAL OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND LEAVE TO OPPOSE DEFENDANT'S MOTIONS TO SEAL** on the interested parties to said action by the following means:

[ ] (By Mail) By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing on that date following ordinary business practices, in the United States Mail at the offices of Levy Vinick Burrell Hyams LLP, Oakland, California, addressed as shown below. I am readily familiar with this business's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

[ ] (By Mail) By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Oakland, California, addressed as shown below.

[ ] (By Personal Service) By personally delivering a true copy thereof, enclosed in a sealed envelope, to the addressees shown below.

[ ] (By Hand Delivery) By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the addresses shown below.

[ ] (By Overnight Delivery) By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges prepaid, to be sent by Federal Express, addressed as shown below.

[ ] (By E-Mail) By electronically transmitting the document(s) listed above, by agreement between the parties, addressed as set forth below.

[XXX] (By ECF/CM System) By electronically submitting the document for filing with the Court's ECF/CM System and causing Court transmission of the filed document listed above, addressed as set forth below.

[ ] (By Facsimile Transmission) By transmitting a true copy thereof by facsimile transmission from facsimile number (510) 318-7701, to the interested parties to said action; the transmission was reported as complete and without error, and a copy of the transmission report, which was properly issued by the transmitting facsimile machine, is attached hereto and incorporated herein by reference. Said documents were transmitted to the interested parties as shown below.

I declare under penalty of perjury of the laws of the United States of America that the

6

**PLAINTIFF'S NOTICE OF WITHDRAWAL OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND OPPOSITION TO DEFENDANT'S MOTIONS TO SEAL - Case 3:16-04507 WHA**

foregoing is true and correct, and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on November 1, 2016, at Oakland, California.

/s/ J. Bryan Wood
J. Bryan Wood

Sharon R. Vinick
Levy Vinick Burrell Hyams LLP
180 Grand Avenue, Suite 1300
Oakland, CA 94612
Telephone: 510 318-7700
sharon@levyvinick.com
Plaintiff's Counsel

J. Bryan Wood (Pro Hac Vice)
The Wood Law Office, LLC
303 W. Madison St., Ste. 2650
Chicago, Il 60606
Telephone: 312-554-8600
bryan@jbryanwoodlaw.com
Plaintiff's counsel

SEYFARTH SHAW LLP
Nick C. Geannacopulos
ngeannacopulos@seyfarth.com
Emily Barker
ebarker@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, CA 94105
Telephone: 415 397-2823
Attorneys for Defendant SEDGWICK LLP

7

**PLAINTIFF'S NOTICE OF WITHDRAWAL OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND OPPOSITION TO DEFENDANT'S MOTIONS TO SEAL - Case 3:16-04507 WHA**