David Sanford (DC 457933)
dsanford@sanfordheisler.com
**SANFORD HEISLER, LLP**
1666 Connecticut Ave NW, Ste. 300
Washington, DC 20009
Telephone: (202) 499-5200
Facsimile: (202) 499-5199
Admission *Pro Hac Vice*

Felicia Medina (CA 255804)
fmedina@sanfordheisler.com
Xinying Valerian (CA 254890)
xvalerian@sanfordheisler.com
Danielle Fuschetti (CA 294064)
dfuschetti@sanfordheisler.com
**SANFORD HEISLER, LLP**
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
Telephone: (415) 795-2024
Facsimile: (415) 795-2021

J. Bryan Wood (IL 6270845)
bryan@bryanwoodlaw.com
**THE WOOD LAW OFFICE, LLC**
303 W. Madison St., Suite 2650
Chicago, Illinois 60606
Telephone: (312) 554-8600
Facsimile: (312) 577-074
Admission *Pro Hac Vice*
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI RIBEIRO, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF,<br>v.<br><br>SEDGWICK LLP,<br><br>DEFENDANT. | Case No. 3:16-cv-04507-WHA<br><br>**PLAINTIFF'S STATUS REPORT**<br><br>Courtroom: 8, 19th Floor<br>Judge: The Hon. William Alsup<br><br>Trial Date: N/A<br>Date Action Filed: 07/26/2016 |

Pursuant to the Court's Orders dated November 2, 2016 (Docket No. 31) and November 7, 2016 (Docket No. 40), Plaintiff Traci Ribeiro and Defendant Sedgwick LLP conferred and did not agree on the content of a joint status report. Plaintiff hereby submits this Status Report.

On December 9, 2016, a hearing was held telephonically in arbitration to decide the issue of whether the parties are obligated to arbitrate the claims in this case, per the Court's Order dated November 2, 2016. (Docket No. 31). The Honorable Robert A. Baines (Ret.), who is serving as Arbitrator in this case, presided at the hearing. Counsel for both sides appeared and argued on the subject of arbitrability. After hearing oral argument, Judge Baines took the matter under submission.

On December 14, 2016, Judge Baines issued an Order Determining Arbitrability of Claims. The Order makes the following findings: (1) the arbitration agreement encompasses the individual and class claims at issue; (2) Ribeiro established the requisite showing of procedural unconscionability; and (3) several provisions of the arbitration agreement are substantively unconscionable, including the application of the JAMS Comprehensive Arbitration Rules (which require cost-sharing), the agreement's cost-sharing provision, the 90-day statute of limitations, and the requirement that the arbitration hearing commence within 90 days of the appointment of the arbitrator. The Order mandates that these unconscionable provisions be severed and that the claims at issue be arbitrated under the JAMS Employment Arbitration Rules and Procedures and JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness. Sedgwick is to bear the costs of the arbitration proceeding. The Order also sets forth preliminary procedures pertaining to discovery and motion practice.

The Parties are meeting and conferring over scheduling in early January, after which they will have a preliminary conference with Judge Baines to formally set a discovery and motion schedule.

Respectfully submitted,

///

///

DATED: January 3, 2017

SANFORD HEISLER, LLP

By: /s/ Xinying Valerian

David Sanford
Felicia Medina
Xinying Valerian
Danielle Fuschetti
Attorneys for Plaintiff
TRACI M. RIBEIRO